## PALMER *v.* DINN.

The evidence of a single witness is sufficient, in an action by the holder against the maker of a note for an amount exceeding five hundred dollars, to defeat a recovery on the ground that plaintiff is a fraudulent holder. Art. 2257 of the Civil Code is inapplicable to such a case, which must be governed by the general rules of evidence.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *Denis,* for the appellant. *Roselius*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. The defendant, who is sued as the maker of a promissory note, sets up the defence of fraud against the plaintiff, alleging that this, with other notes, had been put by him into the hands of plaintiff as a broker to obtain the discount of them, and that the plaintiff has no title as holder for himself.

The case was tried by a jury, who found a verdict for the defendant. The jury was the proper judge of the credibility of the witness who established the defence. The only point which we have to consider is one of law, raised by the plaintiff's counsel. The demand of the plaintiff was for a sum exceeding $500, at the date of the suit; the defence rests on the testimony of a single witness. It is said that the facts constituting the defence should have been proved by two witnesses, or by one witness and corroborating circumstances; and the counsel relies on article 2257 of the Civil Code. We consider that article inapplicable. It prescribes the amount of testimony necessary to establish a liability in cases of contracts for the payment of money, and agreements relative to personal property, involving a pecuniary amount of $500. Here the effort is to escape from a liability—to defend, and not to attack. The testimony defeats the apparent title of the plaintiff as the holder of a written instrument. There might have been some policy in requiring as strong testimony to sustain such a defence, as to establish a liability; but the legislature has not so declared. The case is not within that article of the Code, and falls under the general rules of evidence. We find nothing either in our own written law, or in the law merchant, which forbids a defence of fraud in the holder of a promissory note to be proved by a single witness. If the jury believed the witness, the law permitted them to decide the issue on his testimony.

*Judgment affirmed.*