Thomas O'Brien *v* Patrick Flynn.

The evidence of one witness is sufficient to prove payment of a pre-existing obligation, even exceed-
ing five hundred dollars: the rule of evidence contained in article 2257 of the Civil Code, being
applicable to the proof of contracts, not to the proof of the extinction of contracts.

APPEAL from the District Court, Third District, Parish of Jefferson, *Clarke*,
J.   *G. B. Duncan*, for plaintiff.   *Marks*, for defendant and appellant.

BUCHANAN, J.   The plaintiff sues upon a note made by the defendant on the
20th June, 1851, for sixteen hundred dollars, payable on demand to the plain-
tiff or his order.

The suit was instituted the 8th April, 1852.   Defendant pleaded payment.
He has proved by one witness that six hundred dollars were paid by defend-
ant's wife to plaintiff, on account of this note, on the same day that it was
made.   The witness declared that it was he himself who drew the note, and
that it was given in settlement of a partnership account between the parties, in
jobs of ditching and canalling, which were entirely finished before the note
was given.

There was also proof of a sum of one thousand dollars having been received
by plaintiff for account of defendant from a third party.

The District Judge seems to have been of opinion that, as each of these pay-
ments exceeded five hundred dollars, and as they were only proved by one wit-
ness each, the proof was insufficient under the 2257th article of the Code.   He
accordingly gave judgment in favor of plaintiff for the amount claimed: but
on motion, granted a new trial, to enable defendant to procure corroborative
proof.   On this new trial, the defendant offered an additional witness, who
swore to an acknowledgment having been made in his presence by plaintiff to
defendant of the receipt of those two sums of six hundred and of one thousand
dollars respectively.   The District Judge appears to have attached no credit to
the testimony of this witness, for he again rendered judgment in favor of plain-
tiff for the full amount claimed.

We had not the advantage, like our brother in the District Court, of seeing
the witnesses ; but agree with the counsel of plaintiff and appellee, that there
are circumstances of suspicion apparent upon the face of the evidence of *Mich-
ael Erwin*.   He testifies that he was *passing by* the Louisiana Hotel, where
plaintiff and defendant were standing, on the 2d or 3d November, 1851—heard
defendant ask plaintiff if he had received one thousand dollars from *Egaña*.
Plaintiff answered that he had.   Defendant asked him if he received six hun-
dred dollars from *Mr. Sullivan*.   Plaintiff answered, he had.   Defendant then
told plaintiff, I want my note.   Plaintiff said he had not the note with him
then ; that his wife had it, and that defendant could get it at any time.   All
this conversation was heard, if we may believe this witness, by a person who
was merely passing by two persons standing together in the street, one of whom
at least, (the plaintiff,) he declares was a stranger to him ; and is detailed with
the utmost minuteness of time, place and circumstance, seven months after-
wards.   This Court has often had occasion to declare testimony of confessions
of the party to be the weakest kind of proof ; and we are free to confess that
the present instance offers, in our estimation, no exception to that general rule.
The evidence of *Erwin* has produced no effect whatever upon our minds, as it

produced none upon that of the Judge of the District Court. But there remains the positive evidence of one witness (*Sullivan*) as to the payment of six hundred dollars, on account of this note. We are of opinion that the evidence of one witness is sufficient to prove a payment of a pre-existing obligation, even exceeding five hundred dollars : the rule of evidence contained in article 2257 of the Civil Code, being applicable to the proof of contracts, not to the proof of the extinction of contracts. See *Ferry* v. *LeGras*, 5 M. R. 393 ; *Armor* v. *Huie*, 14 L. R. 346 ; *Palmer* v. *Dinn*, 2 Annual R. 536.

It is further shown, by legal evidence, that the defendant was engaged in making a canal upon *Johnson's* plantation, of which *J. Y. de Egaña* was agent; that plaintiff collected of *Egaña*, on the 19th September, 1851, one thousand dollars (whether as defendant's agent or as his partner, does not very clearly appear,) : that he refunded to defendant's wife eight hundred dollars of the money so collected ; and that defendant sanctioned the payment to his wife.

If we add the two hundred dollars, balance of the thousand received from *Egaña*, to the six hundred proved by *Sullivan*, we have proof of eight hundred dollars received by plaintiff on account of defendant, since the date of the note sued upon ; and which, in the lack of proof of any other claim of plaintiff against defendant, we think should be credited upon said note.

It is, therefore, decreed, that the judgment of the Court below be reversed, and that plaintiff recover of defendant eight hundred dollars, with legal interest from the judicial demand (10th April, 1852,) until paid, and costs of the Court of the first instance ; the costs of appeal to be borne by the appellee.