## No. 47.

### THE STATE EX REL. EMILY E. GRIFFIN VS. THE CITY OF SHREVEPORT.

Municipal corporations have no inherent powers of taxation, but can tax only as the State has thought proper to permit.

The City of Shreveport by its Charter can only levy taxes for the ensuing year, after having made and published a budget of its contingent expenditures for said ensuing year. The debt sued upon in this case having been contracted by the City of Shreveport under the existence of its Charter, the Relatrix is not entitled to a Mandamus to compel the levy or a tax in any other manner or at any other time than as provided for in said Charter.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor, J.*

*Land & Land* and *Alexander & Blanchard* for Plaintiff and Appellee:

First—The writ of mandamus is a writ of right; the mandamus proceeding a purely civil one; and it need not be brought in the name of the State, or signed by the Attorney General or District Attorney. C. P. 840; 29 An., 793; 30 An. 1312; High's Ex. Legal Remedies, sections 3, 4 and 430; 33 An. 510.

Second—Article 209 of the Constitution of 1879, which limits the power of municipal taxation to ten mills on the dollar, cannot affect the rights of antecedent contract creditors of the City of Shreveport. They are protected by the Constitution of the United States, which forbids States to pass laws impairing the obligations of contracts. 32 An. 726, 884; 33 An. 79 : also 31 An. 765; 32 An. 409.

*Wm. A. Seay,* City Attorney, for Defendant and Appellant :

First—The order in a proceeding by *mandamus* must issue in the name of the State. And this order, in the meaning of the Code of Practice and of the reported decisions of the Supreme Court, is the interlocutory order and not the peremptory mandate issued after the trial of the case.

Second—And even if the order referred to is the peremptory mandate, the District Court must issue it in the name of the State. The Supreme Court, after final hearing on appeal, cannot supply the deficiency.

State ex rel. Griffin vs. City of Shreveport.

Third—Nor is it necessary to take advantage of this omission by an exception, either dilatory or peremptory. If it lacks any of its essential requisites, it is a nullity which is fatal to its effectiveness.

Fourth—The indebtedness of the defendant, a municipal corporation, is provided for by annual budget, duly published, on which taxation to meet it is based. The city, not being authorized by law to meet any indebtedness in any other manner, cannot be compelled to do so by the courts. Relator should have asked for a *mandamus* to extend his claim on the budget.

Fifth—To grant this order would entail on the defendant a greater tax than ten mills on the dollar, which is forbidden by the Constitution of 1879.

---

The opinion of the Court was delivered by

FENNER, J.   The relator, Mrs. E. E. Griffin, is the owner of a judgment against the city of Shreveport for the sum of $25,000, with eight per cent interest from August 21st, 1872, and five per cent thereon as attorney's fees, subject to a credit of $2500 collected on account. Her judgment was rendered on December 20, 1873. It is founded on a contract which was entered into on August 21st, 1872. Execution was issued on the judgment and returned *nulla bona.*

It is averred that it was the duty of the mayor and trustees of defendant to provide for the payment of said judgment by levying and collecting a tax to pay the same, which duty they have failed and refused to perform, notwithstanding due demand made upon them by relator.

Further averring that she is without other legal remedy, she prays for a writ of mandamus commanding the mayor, trustees and controller of the city to proceed to assess, levy and collect a tax of a certain *per centum per annum* on all the taxable property of the city sufficient to pay the amount of her said judgment.

The defenses of the respondents are twofold, viz:

1st. That to comply with relator's demand would require the levy of more than ten mills on the dollar in violation of Art. 209 of the Constitution—it being admitted that a tax of ten mills had already been levied for the current year, which is required for, and has been appropriated to, the necessary expenses of the city.

Inasmuch as relator's judgment is based on a contract, her rights are governed by the law in force at the time when the contract was entered into, and are not affected by the subsequent constitutional provision.

As admitted by counsel for respondents, this is no longer an open question in the jurisprudence of this Court.   32 An. 726, 884; 33 An. 79.

By the charter of Shreveport of 1871, in force at the date of relator's contract, as well as by the charter of 1878, the city possessed the power of levying taxes not exceeding *one and three-quarters per cent.*   So far as *necessary* for the performance of valid contracts entered into prior to

the adoption of the Constitution of 1879, and so far only, this power of taxation remains in force.

The relator abandoned her claim to any tax above the said limit, and the judge *a quo* limited the mandamus accordingly to three-quarters of one *per cent.* over and above the one *per cent.* tax already levied.

2d. Respondents object that, "under the charter of the city of Shreveport, a budget of the expenses of the ensuing year is made up and published, and that the plaintiff should have demanded to have her claim entered on the same, it being incompetent for her to obtain a levy of a tax in any other manner and at any other time."

Section 12 of the charter here referred to is in the following words:

"The council shall, once in every twelve months, before fixing and deciding upon the amount of taxes and licenses to be assessed and imposed for the ensuing year, cause to be made out a detailed estimate, exhibiting the various items of liabilities and expenditures, including the requisite amounts of contingent expenses during said year, and shall cause the same to be published at least ten days in the official journal of the city. And such rate of taxation, not exceeding one dollar and seventy-five cents on every one hundred dollars of valuation, shall thereafter be fixed and assessed as, together with other revenues of the city, may be necessary to meet said estimated liabilities and expenditures. The adoption of said detailed estimate shall be considered as the appropriation of the amount therein stated, for the purposes therein stated, and the city auditor of public accounts shall not audit, nor shall the assessor and collector pay, draw or sign any check upon the fiscal agent therefor, for any claims, unless an appropriation therefor has been duly made in accordance with this act."   Acts 1878, p. 288–9.

The preceding article of the charter, defining the powers of the council, contains the following :

"*Ninth.* To every year lay an equal and uniform tax upon all real and personal property in said city *for the ensuing year*, not to exceed for any one year one and three-quarters per centum of the assessed value thereof, which said taxes shall be due and payable from the first day of February to the 20th of June inclusive."

Identically the same provisions existed in the charter of 1871 in force at the date of relator's contract.

The sole mandate or power of the city council to levy taxes is derived from the foregoing provisions of law.   An analysis of them makes it self-evident that the power conferred is subject to the following express limitations, viz.:

1st. The tax can only be levied *in one year*, for the *ensuing year*.

1182          SUPREME COURT OF LOUISIANA,.

State ex rel. Griffin vs. City of Shreveport.

2d. *Before* levying any tax for the *ensuing year*, it is made an absolute condition precedent that the council should make out its " budget" or detailed estimate of liabilities and expenses, and cause the same to be published for ten days in the official journal.

3d. The council can levy no greater rate of tax (even within the limit of one and three-quarters *per cent.*) than is necessary, with the other revenues of the city, to meet the expenditures and liabilities set down in the budget.

4th. To guard against any possible violation of these provisions, it is further provided that the city auditor shall not audit, nor the assessor and collector pay, draw or sign any check upon the fiscal agent, for any claim which has not been included in the budget aforesaid.

It would be, in our judgment, waste of time to discuss distinctions between mandatary and directory or discretionary powers. Nothing is better settled than that municipal corporations possess no inherent powers of taxation, but can tax only as the State has thought proper to permit. Whatever authority municipal officers assume to exercise they must be able to show a warrant for in the words of the legislative grant. All acts beyond the scope of the powers granted are void, and reasonable doubts concerning the existence of the power are ordinarily resolved by the courts against the power. No powers are implied except such as are indispensable for self-preservation, or for the accomplishment of the declared purposes or objects of the corporation. When the legislative grant of powers expressly defines the conditions under which alone they may be exercised, it is necessary to the valid exercise of such powers that those conditions should be complied with. These principles are well established by common jurisprudence. Dillon on Mun. Corp. ? 55 et seq.; Cooley on Taxation, p. 209 et seq.; City vs. Phillipi, 9 An. 44; Angel & Ames on Corp., chap. 9, Sec. 1; Civil Code, 433, 445.

To write out of the statute the plain and unambiguous provisions which we have heretofore cited or to recognize the right of the municipal officers to disregard them, would be nothing less than the judicial repeal of a law.

The writ of mandamus is not primarily provided as a mode of executing judgments.

The office of the writ, as it affects public officers, is simply to compel them to perform plain ministerial duties imposed upon them by law.

The relator here asks, under a petition filed in June, 1881, and the judgment appealed from, rendered in July, 1881, grants, a mandamus ordering the respondents " to proceed forthwith to assess, levy and collect a tax of ¾ of one per centum upon the assessment rolls of said city for the year 1881, to pay and satisfy relator's judgment," &c.

Inasmuch as relator's judgment was not included in the budget;

and inasmuch as the council has no power to levy for the year 1881, a greater rate of tax than is necessary to meet the expenditures and liabilities set down in said budget, it is clear that it is, not only, not the duty, but not within the power, of said council to levy such tax. The Court cannot confer any power, or impose any duty, upon these officers which the law does not itself confer and impose.

Another important practical consideration which precludes the relief here sought and illustrates the absolute necessity of recognizing the budget as the essential basis of taxation, is the following:

The right to the levy of three-quarters *per cent* above the ten mills tax which has been devoted to the necessary expenses of the city, is a right common to all contract creditors standing in like case with the relator and which he cannot invoke and exhaust for his exclusive benefit. The entire three-quarters per cent would not be sufficient to pay even one-half of his judgment. If he may obtain the levy of this tax to be devoted to the payment of his judgment, any other contract creditor would have the same right, and thus, by successive mandamuses, the city might be compelled to levy taxes far in excess of its possible powers under its charters, past or present.

Indeed, although the judgment in the present case, if executed, would exhaust the power of taxation of the city, we have actually before us another case in which the city is commanded to levy another tax for satisfaction of another contract creditor.

It is evident that justice, as well as the law, requires that the creditors must look to the budget as the place where their claims may be marshaled *in concurso*, as a basis for the levy of the entire tax to which they are entitled and for the equitable distribution of the proceeds thereof amongst them.

The right of the relator, and the corresponding duty of the municipal officers, is that his claim should be placed upon the budget of this and succeeding years, only in common with the claims of other creditors in like case, and that the council should levy taxes within the limits of his right to an amount sufficient to satisfy said claims.

A similar course was pursued in the case of State *ex rel.* Folsom Bros. vs. Mayor, &c., 32 An. 712, though that case passed off on different grounds.

Upon the methods to be pursued for the enforcement of this right, we have no occasion to pass in this case. It is sufficient to say that the relief sought in the present case, is not supportable under the law.

The performance of no duty in connection with the budget is demanded,—nor does the record show that any demand was made upon the respondents to place relator's claim upon the budget. What might

be the effect of a refusal after timely demand on the remedy of relator is not now before us.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered and decreed that the mandamus prayed for be denied at relator's costs in both courts.