## No. 9484.

### Thos. Hutchinson, Tutor, vs. Mrs. Ann Jamison et als.

One who claims property by inheritance from his mother and at her death goes into possession of the same under an honest belief that he is the sole heir, a belief founded on the fact of his brother—the only other child of his mother—having joined the army in the war between the States, and not being heard from thereafter up to the death of the mother, an interval of many years, is a possessor in good faith. As such possessor, he can only be made liable for rents from judicial demand, if evicted, and the party evicting must pay him for improvements, to extent of the price of the materials and the workmanship, or the enhanced value of the soil, and if the latter is not proved, the measure of reimbursement must be controlled by proof of the former.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*W. S. Benedict* and *J. Timony* for Plaintiff and Appellant.

*T. J. Semmes & Payne* for Defendant and Appellee.

The opinion of the Court was delivered by

Todd, J. The plaintiff, as tutor of his two minor children, owners of 13-96 of certain city property known as No. 200 Camp street, and 1-16 of other property known as No. 198 Camp street, of this city, seeks to effect a partition of the same by this suit, and also to recover their share of the revenues of the last mentioned property from the 1st of January, 1865.

The defendant, Mrs. Jamison, in her answer, asserts ownership of the entire property by inheritance and prescription; resists the demand for rent in any event, and reconvenes for the value of the improvements made by her on the property, 198 Camp street, as a possessor in good faith, should plaintiff's alleged interest in the property be recognized and its partition ordered.

The other defendants, the Blakeleys, answer by general denial, but otherwise make no defense.

There was judgment recognizing plaintiff's interest in the property as claimed, ordering its partition, decreeing the payment of rent from

judicial demand only, overruling the pleas of prescription, and allowing to the defendant, Mrs. Jamison, the value of her improvements on property 198 Camp street.

From this judgment the plaintiff has appealed. The defendant and appellee, Mrs. Jamison, acquiesces in the judgment as rendered, save as relates to the value of the improvements, which she seeks to increase by a motion to amend.

The only points of contention left for our determination relate solely to the matter of rent and the value of the improvements—all other issues being eliminated under the pleadings.

For a clear understanding of this controversy, it would be well to state that the minors-plaintiffs and the defendants are all the descendants of one Thomas Stackhouse, who died in 1843. He was twice married. The issue of his first marriage were two children, Margaret and Reynolds, and of his second marriage, three children. Of the latter, one died in infancy, leaving Ann (Mrs. Jamison) and Thomas Stackhouse, Jr., as the only issue of the second marriage.

Margaret, daughter of the first marriage, became the wife of John A. Turnell, and died leaving two daughters. One of these daughters married Thos. Hutchinson, and died subsequently. The issue of that marriage are the two minors, plaintiffs herein, represented by their father and tutor. The other daughter of Mrs. Turnell married one Blakeley, of which marriage the Blakeleys, co-defendants herein, are the issue.

The property, 200 Camp street, belonged to Thomas Stackhouse, Sr., at his death.

The property, 198 Camp street, was purchased by Rebecca Johnson, his surviving widow, after his death.

Mrs. Jamison, defendant, went into possession of this property at the death of her mother in 1864, claiming to be her sole heir.

After the death of Thomas Stackhouse, Sr., there was a settlement among his heirs, in which the entire property of his estate, which included 200 Camp street, purported to have been conveyed to his surviving widow, the mother of Mrs. Jamison. This property, Mrs. Jamison, on the death of her mother, claimed to inherit as her only heir.

All these facts are fully set forth in the case of Jamison vs. Smith, decided by this Court and reported in 35 Ann. p. 609, but are again recited for the elucidation of the present case.

In that case the title of the minors Hutchinson, the plaintiffs herein, to an interest in the property above mentioned as 200 Camp street,

and sought to be partitioned in the present suit, was finally adjudicated. We held that Mrs. Jamison was not the *sole* owner of this property (200 Camp street) as she claimed to be, by virtue of the conveyance to her mother, Widow Stackhouse, in the settlement of 1849, and her (Mrs. Jamison's) inheritance from her mother, but that the said settlement was void as to the descendants of Margaret Stackhouse (Mrs. Turnell), for the reason that John A. Turnell, as tutor of his minor children, issue of his marriage with Margaret Stackhouse, was without authority to convey the interest of said minors in the property. Hence, that the title of the heirs of Margaret Stackhouse and of their descendants—among whom are the plaintiffs—was not divested by said settlement.

Neither did Mrs. Jamison inherit from her mother the entire property known as 198 Camp street, for we held in the same case that Thomas Stackhouse, Jr., her german brother, survived his mother; and he, therefore, inherited jointly with Mrs. Jamison this property, and at his death his interest in the same passed in part to the descendants of Margaret Stackhouse (Mrs. Turnell) his half sister.

This brings us at once to the question of the rents of this property, 198 Camp street, as claimed in the present suit—no claim being made by the plaintiffs to the rents of other property, No. 200 Camp street. This question of rent is dependent on the fact whether Mrs. Jamison was a possessor in good or bad faith. If in good faith, rent can only run from judicial demand. If in bad faith, from the death of Thomas Stackhouse, Jr., which is presumed to have occurred in 1865.

Mrs. Jamison went into possession of this property on the death of her mother in 1864. She claimed to be the owner of it by inheritance. She was an heir of the deceased and assumed, at the time, to be the sole heir. There were good reasons to induce an honest belief on her part that she was the only heir of her mother.

Her brother, Thomas Stackhouse, Jr., had been absent several years, had joined the army during the late war between the States, and had not been heard from for some time previous to his mother's death. There were just grounds for the conclusion that he had died before his mother, in which case Mrs. Jamison would in truth have been the sole heir.

In point of fact, Thomas Stackhouse, Jr., never returned to his home and has never been heard of since. This Court held in the case of Jamison vs. Smith, above referred to, that from these circumstances there was a legal presumption that Stackhouse, Jr., was dead, but that this presumption did not extend so far as to support the conclu-

sion that he died before his mother; and thus holding, the Court decided that Stackhouse survived his mother and inherited jointly with Mrs. Jamison her property. Plaintiffs, therefore, as the descendants of his half sister, Margaret Turnell, became vested at his death with an undivided interest in his estate with Mrs. Jamison.

This conclusion of the Court does not, however, place Mrs. Jamison in the attitude of a possessor in bad faith. As said before, there were sufficient reasons for an honest belief on her part that she was the sole owner of the property.

"Article 3451 declares that "the possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact."

Another article defines the possessor in good faith as one "who possesses as owner by virtue of an act sufficient in terms to transfer property, the defects of which he was ignorant." C. C. 503.

This article is a reproduction of Article 550 of the Napoleon Code, and a text writer commenting on this article (550) says:

"*Le titre translatif de propriété s'entend du titre héréditaire comme de tout autre titre.*" 6 Laurent, No. 208, Journal du Palais, 1848, p. 218.

And further: "*Peu importe d'ailleurs que le titre dont se prévaut le possesseur soit nul et que celui-ci ait pu facilement reconnaitre cette nullité, si en fait il l'a ignorée.*" Journal du Palais, 1863, p. 133.

We have no doubt that under these authorities Mrs. Jamison was a possessor in good faith, and was properly condemned to pay rent only from judicial demand.

As such possessor, Mrs. Jamison claimed and was allowed reimbursement for the improvements placed by her on this property to the extent proportioned to the interests of the plaintiffs therein, under Articles 508 and 3452 of the Civil Code.

This latter article substantially provides that the person evicted, if a possessor in good faith, must be reimbursed the value of the materials and the price of workmanship, or a sum equal to the enhanced value of the soil.

In the judgment of the lower court, the former, that is the value of the materials and the price of workmanship were allowed, as estimated by the judge *a quo*.

Of this the plaintiff complains, claiming that he had the option of paying the enhanced value of the soil resulting from the improvement.

This is true, but we have closely examined the evidence on this point and we do not find it sufficient to give anything like a clear idea

touching the enhanced value of the property. In fact, only one witness testifies on this point, the one who did the brickwork in remodeling the old house, and he deposes only as to the value of his work and not to the comparative value of the entire building, before and after its reconstruction.

The value of the materials and workmanship was shown by a detailed bill, purporting to contain the charges and items of expenditure, made contemporaneously with the progress of the work. The lower court based its judgment on this point on the evidence afforded by this bill, and it was impossible to reach a satisfactory or reasonable conclusion with respect to the reimbursement in any other way.

The defendant and appellee, through a motion to amend, seeks to increase the judgment in her favor by a further allowance for improvements made subsequently to the rebuilding of the house.

We are not disposed to disturb the judgment in this particular. We think the amount allowed for improvements was liberal enough. Besides, there is some evidence in the record that detracts to some extent from the weight of that afforded by the bill of expenses referred to. The charges therein for workmanship does not altogether comport with the oral testimony of the persons called as witnesses, by whom some of the work was done; and we think that substantial justice has been done without allowing anything for these subsequent improvements as claimed.

For these reasons the judgment of the lower court is affirmed, with costs.

Rehearing refused.