LAND, J.
This is a petitory action to recover the E. y2 of S. W. %, section. 14, township 13, range 7, in Southwestern land district of Louisiana.
Plaintiff claims title under a patent, of. date February 15, 1902, from the United States, based on .a regular certificate of entry issued in 1901.
Defendant sets up title acquired in 1873 from Ann Peebles et al., who are alleged to have possessed since 1835 under warrants issued by J. J. Taylor, register of the United States Land Office then at Opelousas.
Defendant set up a claim for improvements in the event of eviction, and called his three vendors, two of whom were absentees, in warranty.
The court appointed a curator ad hoc to represent the absentees who excepted to the call, on the ground that absentees could not be called in warranty for the purpose of the rendition of a personal judgment against them.
This exception was overruled, and the curator and Duley T. Peebles answered, denying all the allegations of the petition and setting up title derived by mesne conveyances from Henry Wyche Peebles and John D. Wilkins from the United States in 1836.
The answer virtually admits error and misdescription in the defendant’s muniments of title to the E. y2 of the S. W. % of section 14, but avers payment of the price, and that certain entries in the books of the local land office evidence the purchase by his authors of said tract of land in 1836.
They charge plaintiff with a knowledge of the facts and pray for judgment decreeing that the patent issued to him should inure to their benefit.
The district judge rendered judgment in favor of the plaintiff for the tract of land in dispute and for rents from March 11, 1905, and in favor of defendant against plaintiff for $580, the value of his improvements, and against the three warrantors for $354.55, and for the rents which the defendant was condemned to pay unto plaintiff, and all costs. Defendant appealed, and plaintiff has prayed for amendments of the judgment.
Warrantors took an order of appeal, but gave no bond. Hence they are appellees as to the defendant, and coappellees with plaintiff.
It is necessary first to state the alleged titles of Peebles and Wilkins as disclosed by the records of the United States Land Office. It is conceded that no application on their part to enter the land in dispute has been produced.
On January 1, 1829, Peebles and Wilkins entered the W. y2 of S. W. % of section *219 14 at the rate of $1.25 per acre, total price $100.97%, as shown by receiver’s certificate in due form, on which a patent was issued on June 1, 1829.
On January 4, 1830, the same parties entered the W. % of N. W. % of section 14, at the same rate, total price $100.98%, as per receiver’s certificate, on which patent was issued August 30, 1837.
On May 7, 1836, the same parties entered the N. E., N. W., and S. E. % of section 14, containing 484.7.1 acres, at the same rate, the total price being $605.83%, and the patent issued on August 30, 1837.
The tract book at Washington corresponds with entries given above.
It is evident that said parties entered twice in the year 1836 the W. % of the N. W. % of section 14.
It appears that the E. % of S. W. % of section 14 was offered at irablie sale in November, 1826, and again in May, 1879.
In a letter of date June 26, 1905, the Commissioner of General Land Office wrote that, while Wilkins and Peebles paid for as much land as is contained in section 14, their entries did not embrace the E. % of the S, W. %, and there was no evidence of record that they ever applied to enter the same. He adds that so far as the records show the said tract was vacant public land until entered by the plaintiff.
Defendants and warrantors rely on certain so-called “entries” on the register of sales book kept at Opelousas and the tract book kept at New Orleans. The ink entries on the tract book correspond with the original certificate, but there was a pencil entry above, not accounted for, indicating that Peebles and Wilkins had entered the E. % of the S. W. %.
The entry on the register of sales book bears the mark of erasure, but in its present shape is substantially as follows:
When Sold. No. of Receipts and Purchasers. Certificates.
May 17, 1836. 1,312 Wilkins & Peebles.
Section or Part of Section. No. of Section N. E. 5Í4E.S. U, E. M>N. W. &&S. W. H- 4.
A comparison with receipt 1,3.12 shows that the parties entered on May 17, 1836, the N. E., N. W., and S. E. % of section 14. The entry purports to have been taken from the receipt, but eliminates the W. % of N. W. %, and adds the whole of the S. W. %.
Of course the original receipt and certificate and the patent issued thereon must control.
The attempted changes on the register and tract books were wholly unwarranted and unauthorized, and are not accounted for.
The copy of a sketch purporting to have been made by Taylor, register, in 1836, for the purpose of showing entries made by Wilkins and Peebles, is at best but secondary evidence and is worth nothing as official evidence of title. The entries thereon are indicated by writing the names of the parties across parts of sections and are lacking in all the elements of certainty.
This copy was made by D. T. Peebles, one of the warrantors, and is attached to a letter written by him in 1902, to the register of the Land Office, at Washington, D. O., which concludes as follows:
“I think that we have been caught by error at Land Office at Opelousas.”
Errors of this kind cannot be corrected to the prejudice of third parties, who have acquired title in good faith.
Hence we concluded that plaintiff’s title is perfect. Defendant has been in possession of the land as owner since 1874, and under a recorded title since 1883. He was a bona fide possessor, and plaintiff has his choice to reimburse the value of the materials and price of workmanship of the improvements on the land or the enhanced value of the soil. Rev. Civ. Code, art. 508.
If the owner wishes to pay enhanced value, *221 he must show by evidence what it is. Hutchinson v. Jamison, 38 La. Ann. 150.
Defendant was not a squatter on government land, but purchased from parties who had been in possession under title for many years. His title is good by prescription, except as against the sovereign.
The amount awarded for improvements is a big discount on the estimates of the only witnesses who undertook to place a value on all of the improvements. We see no good reason to disturb the finding of the trial judge on this question of fact.
Whether the defendant purchased the improvements or erected them cuts no figure, as the law will not permit plaintiff in the pet-action to enrich himself at the expense of a possessor in good faith.
The warrantors did not perfect their appeal, nor have they answereu, praying for an amendment of the judgment on the call in warranty.
Hence the decree against them cannot be -disturbed. Garland’s Notes Code Prac. arts. 888, S89.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be ■affirmed, defendant and appellant to pay costs of appeal.