LAND, J.
 

 In the case of Roussel v. New Orleans Ry. & Light Co., 152 La. 517, 93 So. 758, the present plaintiffs, in a petitory action, were decreed to be the owners of lots 18, 19, 22, 23, and 24, in square No. 1605, and of a triangular piece of ground No. 14D, 300 feet front on Genois street and 52 feet on First Lake street, located in the city of New Orleans. The Railways Realty Company was one of the defendants in that suit, and unsuccessfully set up claim of title to the property in dispute, based upon a purchase of date May 24, 1909, from the receiver of the New Orleans, Spanish Fort & Lake Railroad Company, made at a receiver’s sale under an order of the civil district court for the parish of Orleans.
 

 The petition and citation in that case were served upon the defendant, the Railways Realty Company, on June 9,1913.
 

 Judgment was rendered in the civil district court in favor of plaintiffs, and the appeal taken by defendants to this court was decided adversely to the Railways Realty Company on July 17,1922, and rehearing was refused on October 19, 1922.
 

 In the petitory action brought on June 9, 1913, plaintiffs reserved the right to elaim
 
 *541
 
 rents due and to' become due. Under this reservation, plaintiffs filed the present suit February 19, 1924, and demanded an accounting by the Railways Realty Company, defendant herein, of all rent received from the property recovered under leases made by defendant to others, and of rent for that portion of the property used by defendant for its own purposes, at the rate of $10,000 per annum from June 9, 1913.
 

 Averring that it acquired said property from the receiver of the New Orleans, Spanish Fort & Lake Railroad Company on May 24, 1909, defendant company, after denying the claims of plaintiffs, prays in its answer for judgment in reconvention for the following items:
 

 (1) Taxes paid for the years 1909 to 1923, inclusive, aggregating the sum of $5,500.
 

 (2) Filling in said property at a cost of $2,008.38.
 

 (3) The sum of $756 for the cost of erection of certain buildings and booths located on the property.
 

 The claim of defendant for sums disbursed for taxes was rejected in the lower court. The items for filling in property, $2,008.38, and for the construction of buildings and booths thereon, $756, were allowed defendant on its reconventional demand, and were deducted from the amount of rents awarded plaintiffs, $9,908.90, leaving a balance due plaintiffs of $7,144.52.
 

 From this judgment defendant has appealed. Plaintiffs have answered the appeal, and pray that the claim for filling in the property be rejected.
 

 1. Defendant has pleaded the judgment rendered in the civil district court of the parish of Orleans, and on appeal, in the ease of Willis J. Roussel, Administrator, et al. v. New Orleans Ry. & Light Co. et al., 152 La. 517, 93 So. 758, as res judicata as to the matters and things set forth in the petition filed herein by the plaintiffs.
 

 In our opinion, the plea is without merit. The judgment relied upon as the basis of the plea was rendered in a petitory action, in which the question as to rents due and to become due was reserved by plaintiffs for future action and adjudication.
 

 As no such issue was involved in the Roussel Case, the silence of our final judgment on this point cannot be properly construed as a rejection of the claim of plaintiffs for rents and revenues at the time. The demand of plaintiffs to be decreed the owners of the property in a petitory action is one thing, and their present demand made upon defendant for an accounting of the rents and revenues received from the same property is another thing.
 

 While it is permissible, it is not mandatory that a mixed action be brought for the ownership of real property and also for the fruits it has produced, or their value. C. P. art. 7. The cumulation of separate actions is optional, except when one of them is contrary to or precludes another. C. P. arts. 148, 149.
 

 As the thing demanded by plaintiffs is not the same, and as their present demand is not founded upon the same cause of action, the final judgment invoked by defendant has not the authority of the thing adjudged as against the present action of plaintiffs. R. C. C. art. 2286.
 

 2. Defendant company has pleaded the prescription of one, three, and ten years as a bar to plaintiffs’ suit.
 

 A possessor in good faith owes rents and revenues from judicial demand. Blair v. Dwyer, 110 La. 332, 338, 34 So. 464; C. Cart. 3453.
 

 Judicial demand'was made by plaintiffs upon defendant for this property on June 9, 1913. Thereafter defendant occupied the' status of a possessor in bad faith, and became responsible for the rents and revenues.
 

 The right of the lawful owner in a'
 
 *543
 
 petitory action to claim and recover' the rents cannot be barred by the prescription of either ■one or three years.
 

 The prescription of one year does not apply, as the obligation of a possessor in bad faith to restore the thing and the fruits and revenues results, not from an offense or quasi offense, but from a quasi contract. Heirs of Burney v. Ludeling, 47 La. Ann. 92, 16 So. 507; C. C. arts. 2293, 2294.
 

 Personal actions arise from quasi contracts, and, in general, are prescribed by ten years. C. P. arts. 28, 30; C. C. art. 3544.
 

 The prescription of three years applies to actions on contracts for rent or hire, but not to the obligation imposed by law on the possessor in bad faith to restore to the lawful owner all revenues of his property of which he has .been deprived. In such cases the prescription of ten years is applicable. Walling Heirs v. Morefield, 33 La. Ann. 1179.
 

 Prescription was not interrupted by the bringing of the petitory action by plaintiffs in the year 1913, without a demand for rents and revenues, although the right to sue therefor was reserved at the time. Liles v. Barnhart, 152 La. 419, 93 So. 490.
 

 Prescription commenced to run in this case on June 9, 1913, the date of the judicial demand made upon defendant by the plaintiffs for the recovery of the property in controversy.
 

 When this suit was filed by plaintiffs on February 19, 1924, it is clear that rents in .arrears prior to February 19, 1914, had been prescribed by the lapse of ten years.
 

 The total of the rents collected by defendant from 1913 to 1923, inclusive, amounts to $9,908.90. From this suin must be deducted rents for the year 1913, or $693.81, as .action for recovery of this item had been barred by prescription, at the date of the in.stitution of the present suit. Thus far the balance due plaintiffs for rents is reduced to $9,215.09.
 

 We are of the opinion that the lower court erred also in rejecting the reeonventional demand of defendant company for taxes for the years 1909 to 1924.
 

 The total acreage of the Spanish Fort Park, including plaintiffs’ lots, is 21.39 acres.
 

 The total area of these lots is 1.43 acres, and the net area, less .16 of an acre used for railroad purposes, is 1.27 acres.
 

 The whole property was returned for assessment by defendant company during these years, and the assessor testified that, as he knew of no buildings erected thereon except by defendant company, he assessed the entire tract each year to said company under the name of the Spanish Fort Park.
 

 Defendant company was in actual possession of all of this property in the year 1913, when plaintiffs instituted their petitory action, and remained in 'possession of same until January 1, 1924.
 

 As alleged in plaintiffs’ petition, defendant leased to various individuals during this period concessions of various kinds on about one half of the property, and used the other half for railroad purposes.
 

 The maps in the record show that buildings and booths erected by defendant are located upon parts óf plaintiffs’ lots 18, 19, and 24, while the tracks of the defendant run through parts of plaintiffs’ lots 22, 23, 24, and the triangular piece of ground known as lot No. 14D. Under these conditions, it would be difficult to conceive why the lots of plaintiffs, with the buildings and railway tracks upon them, should not have been assessed for taxes for the years in question, equally with Spanish Fort Park proper, and its concession buildings and railway improvements.
 

 It is true that technically Spanish Fort Park does not include plaintiffs’ lots. Yet, as physical property with its improvements, and with plaintiffs’ lots included, it represents a homogeneous unity, susceptible of assessment in its entirety, and was assessed in fact, as a
 
 *545
 
 whole, as is shown by the evidence in the case.
 

 As the lots of plaintiffs were not included in these assessments by particular description, the only method by which they can be subjected to the payment of their just burden of taxation is by determining the proportion of the taxes they should bear, which is shown to be the sum of $3,374.50, according to calculations made and appearing in Exhibit D2 in the record. We see no good reason why defendant company should not be credited with these taxes as an offset against the rents sought to be recovered by plaintiffs, as they were paid for the preservation of the property, and must be refunded by plaintiffs, although defendant company may have been a possessor in bad faith. Dunlap v. Whitmer, 137 La. 799, 800, 69 So. 189.
 

 Plaintiffs’ rents must be further reduced by the taxes so paid to the sum of $5,840.59.
 

 Defendant company, however, is not entitled to interest or penalty on the sums disbursed for taxes, as they were paid out of the revenues on. hand, which far exceeded in amount the taxes. As plaintiffs did not claim or pray for interest, the judgment of the lower court allowing interest from judicial demand is erroneous in this respect. C. P. art. 553.
 

 Defendant company prays for judgment in reconvention in the sum of $2,008.38 as the cost of the filling placed on said property, with interest at the rate of 5 per cent, from January 1, 1911, on one half of this amount, and with interest at the same rate from January 1,1916, on the other half.
 

 One half of the filling in this case was done in 1910, and the other half in 1915. As the petitory action was filed by plaintiffs against defendant June 9, 1913, the last half of this filling in 1915 was placed on the property by defendant as a possessor in bad faith, and, as it is an improvement which cannot be removed, nothing can be recovered as to this half. Davidson v. McDonald et al., 131 La. 1053, 60 So. 679.
 

 As to the half of the filling in 1910, defendant was a possessor of said property in good faith, under a title acquired from the receiver of the New Orleans, Spanish Eort & Lake Railroad on May 24, 1909. At the time defendant took possession of this property in 1909, it was low land on a level with an adjacent swamp. . Defendant placed 3,347 cubic yards of filling on the property at a' cost of $2,008.38.
 

 The evicted possessor in good faith is entitled to the value of his useful improvements ; i. e., the cost of material and workmanship.- As defendant was a bona fide possessor, plaintiffs had their choice to reimburse the value of the materials and price of workmanship of the improvements on the land or to pay the enhanced value of the soil. Rev. Civil Code, art. 508. If the owner wishes to pay enhanced value, he must show by evidence what it is. Foster v. Meyers, 117 La. 216, 41 So. 551; Hutchinson v. Jamison, 38 La. Ann. 150.
 

 As there is no proof of enhanced value of the property resulting from the expenditures . of defendant company thereon, said company is entitled to recover the value of such expenditures in the year 1910, or one-half of the sum of $2,008.38, or $1,004.19. Durbridge v. Crowley, 44 La. Ann. 74, 10 So. 402.
 

 The fact that there is but one witness as to the value of the filling is unimportant in the present case, as it is not one falling within the purview of article 2277 of the Civil Code which provides that:
 

 “All agreements relative to movable property, and
 
 all contracts
 
 for the payment of money, [when] above five hundred dollars in value, must be proved at least by one credible witness, and other corroborative circumstances.”
 

 Defendant company is not reconvening on a contract made with plaintiffs for the pay-
 
 *547
 
 meat of money, but is seeking, under the general rules of evidence, to establish the cost to said company of filling in said property at its own expense. Palmer v. Dinn, 2 La. Ann. 536; O’Brien v. Flynn, 8 La. Ann. 307; Field v. Harrison, 20 La. Ann. 411.
 

 The plaintiffs’ claim for rents must be reduced still further to the difference between $5,840.59 and $1,004.19, leaving a balance due plaintiffs of $4,836.40.
 

 There is no dispute as to the correctness of the item of $756 for buildings and booths erected on the property by defendant company and retained by plaintiffs.
 

 It is ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that the plea of prescription of ten years be maintained as to rents claimed by plaintiffs for the year 1913, amounting to the sum of $693.81, and that there be judgment for plaintiffs against defendant company for rents claimed for the other years in the full sum of $9,215.09.
 

 It is further ordered that there be judgment for defendant company on its reconventional demand against plaintiffs in the full sum of $5,134.69 for the following items: (a) For taxes paid, in the sum of $3,374.50; (b) for filling in property of plaintiffs in the year 1910; in the sum of $1,004.19; (c) for the value of buildings erected on plaintiffs’ property by defendant company and retained by plaintiffs, in the sum of $756.
 

 It is further ordered that plaintiffs’ judgment in the full sum of $9,215.09 be compensated and offset by defendant company’s judgment in the full sum of $5,134.69, leaving a balance due plaintiffs in the sum of $4,080.40.
 

 It is further ordered that plaintiffs, appellees, pay the cost of appeal, and that defendants, appellants, pay costs of lower court.