## No. 3252

### Second Circuit

### LEE v. RIGGS
### FRIERSON, Warrantor

(March 24, 1930. Opinion and Decree.)

Lee & Williams, of Mansfield, attorneys for plaintiff, appellee.

Craig, Bolin & Magee, of Mansfield, attorneys for defendant, appellant.

Parsons & Colvin, of Mansfield, attorneys for warrantor, appellant.

WEBB, J. This action was instituted by plaintiff, Elmo P. Lee, against defendant, J. Hearsey Riggs, to be decreed the owner and entitled to possession of a small tract of land situated in DeSoto parish, La., in the possession of defendant, and to recover judgment against defendant for the value of the use of a portion of the property,

alleged to have been cultivated by defendant.

Both plaintiff and defendant claim to have acquired title to the property, through L. S. Frierson, to whom the state of Louisiana patented the land in February, 1919. Defendant called Frierson in warranty to defend the action, and prayed that, in event of eviction, he have judgment over against Frierson for whatever amount judgment should be rendered against him in favor of plaintiff and also for judgment against Frierson for the value of improvements to the land, taxes paid, etc., and also for the price paid Frierson by defendant's author in title for the land; and defendant also pleaded the prescription of three years against plaintiff's claim for the value of the use of the land.

Frierson excepted that the call in warranty failed to state a cause of action, which being overruled, he answered admitting he had transferred the property to Lee and denying that he had sold it to defendant's alleged author in title, and prayed that defendant's demands against him be rejected with cost.

On trial judgment was rendered in favor of plaintiff against defendant recognizing plaintiff as the owner and entitled to the possession of the property and in favor of defendant against Frierson for the amount found by the court to have been paid by defendant's alleged author in title to Frierson for the property, and rejecting all other demands of defendant against the warrantor. Plaintiff's demand against defendant for the rental value of the cultivated part of the property was rejected. Defendant's claim for the value of alleged improvements to the property, taxes paid, etc., appears not to have been adjudged. All costs of suit were taxed against Frierson. All parties appealed.

The act of transfer to Lee by Frierson is dated December 5, 1918, and was filed for record February 25, 1919, while the instrument under which defendant claims to have acquired the property was not filed for record until December 7, 1926. The parties therefore concede that the judgment, in so far as it recognizes Lee as the owner and entitled to possession of the property, is correct, and the only questions presented here are whether defendant was a possessor in good faith, and, if not, whether plaintiff's claim for the value of the use of that portion of the property which defendant cultivated, or any part thereof, was prescribed, defendant's claim for alleged improvements to the land, taxes paid, etc., and whether defendant was entitled to call Frierson in warranty.

It is conceded that the land in contest was at one time part of the bed of a shallow lake, and that Frierson, as the owner of land bordering and fronting on the lake, claimed riparian rights to the land in contest, and defendant, in support of his claim that he was a possessor in good faith and of the right to call Frierson in warranty, refers to two instruments, signed by Frierson in October, 1908, which, he claims, show that Frierson sold the land in contest to H. T. Prudhomme and others, and to other instruments, under which he asserts title from H. T. Prudhomme and others.

One of the instruments signed by Frierson in October, 1908, is conceded to evidence the sale of land bordering on the lake to H. T. Prudhomme and others, and in the other instrument, which is dated October 31, 1908, and was filed for record December 7, 1926, Frierson declares that, in consideration of $405, he transfers all his right, title, and interest in certain land formerly in the bed of the lake (which is conceded to include the land in contest)

and promises to obtain title to the same from the state of Louisiana and to make title thereto to H. T. Prudhomme and others, if at that time H. T. Prudhomme and others have paid all of the outstanding notes given in consideration of the sale of the land bordering on the lake, which consideration Frierson declares included the consideration of $405.

Conceding, for the present, that the instrument of date October 31, 1908, should be construed as a sale of the property in contest by Frierson to H. T. Prudhomme and others, the evidence shows that defendant was fully aware at the time he claims to have acquired the property from H. T. Prudhomme and others in July, 1913, of the nature of the title under which they held, and then knowing that the property belonged to the state of Louisiana, defendant cannot be said to have been a possessor in good faith (McDade vs. Bossier Levee Board, 109 La. 626, 33 So. 628; Lawrence vs. Young, 144 La. 1, 80 So. 18); and the evidence conclusively establishing that the value of the use of the property for the years 1919 to 1926, inclusive, was $60 per year, we think plaintiff should recover judgment for the same, unless the claim is prescribed.

The action was filed on February 25, 1927, and the prescription is under article 3538 of the Civil Code which declares that actions for arrearages of rent charge, annuities, and alimony, or of the hire of movables and immovables, are prescribed by three years.

We do not think that the prescription under that article is applicable to the claim for the value of the use of the property, as such claim is based upon the principle that one may not enrich himself at the expense of another, and the obligation is to pay for the use of the property and is not prescribed under ten years (Civil Code, art. 3544; Roussel vs. Railways Realty Co., 165 La. 536, 115 So. 742); and plaintiff should have judgment against defendant for the amount claimed for the use of the property.

Considering the question as to the right of defendant to call Frierson in warranty, and to recover judgment over against him, it must be conceded that the right did not exist, unless the instrument of date October 31, 1908, was a sale of the property in contest by Frierson to H. T. Prudhomme and others.

On the face of the instrument it is clear that the title was recognized as being then in the state of Louisiana, and that there was not any intention of making a present sale of the property in contest, and, whatever right defendant may have acquired as the assignee or transferee of H. T. Prudhomme and others, he did not acquire any right to call Frierson in warranty, and the demands of the defendant, J. Hearsey Riggs, against L. S. Frierson, should have been rejected.

No evidence was offered in support of defendant's claim for alleged improvements, taxes paid, etc., and apparently that claim was abandoned in the lower court.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and set aside, and it is now ordered, adjudged, and decreed that plaintiff, Elmo P. Lee, have and recover judgment against defendant, J. Hearsey Riggs, decreeing plaintiff to be the owner of the fractional south half of northwest quarter of section 5, township 14 north, range 12 west, Louisiana meridian, lying and being within the dried bed of Cannasnia lake immediately north of the meander line established by the United States survey made during the years 1831 and 1832, all situated in DeSoto parish, La., containing twenty-

eight acres, more or less, and as such entitled to the full and undisturbed possession of same, and ordering defendant, J. Hearsey Riggs, to deliver possession thereof to plaintiff.'

It is further ordered, adjudged, and decreed that plaintiff, Elmo P. Lee, have and recover judgment against defendant, J. Hearsey Riggs, in the sum of $480, with legal interest thereon from judicial demand, and all cost of suit.

It is further ordered, adjudged, and decreed that the demands of defendant, J. Hearsey Riggs, against L. S. Frierson under the call in warranty be rejected at the cost of defendant J. Hearsey Riggs.

It is further ordered that defendant J. Hearsey Riggs pay all cost of appeal.