No. 3051

Second Circuit

(Second Division)

POLLOCK v. RIGGS

(April 9, 1931.  Opinion and Decree.)

W. M. Pollock, of Mansfield, attorney for plaintiff, appellee.

Craig, Bolin & Magee, of Mansfield, attorneys for defendant, appellant.

STEPHENS, J.  This is an action to establish the boundary between certain lands of the plaintiff and defendant alleged to be contiguous; to recover damages alleged to have been suffered by the plaintiff because of the destruction of a fence by the defendant; and for the value of the use and occupancy by the defendant of some twenty acres of land alleged to be owned by the plaintiff.

The plaintiff avers that, several years before the institution of this suit, the defendant, acting in bad faith, caused a fence to be erected, which was not erected on the boundary line between the contiguous properties of plaintiff and defendant, but which encroached upon and inclosed land of the plaintiff to the extent of twenty acres; and that the defendant unlawfully possessed and cultivated said twenty acres from the year 1923 to the year 1926, both inclusive, for which use and occupancy, in bad faith, plaintiff alleges he is entitled to recover the sum of $400.

The plaintiff further alleges that he erected a fence on the property in question at an expense of $100, and that said fence was destroyed by the defendant; and that he is entitled to a judgment for said amount.

The defendant answered that he was the owner of the twenty acres inclosed by his fence, and that there was no boundary to be established between the plaintiff's and defendant's lands, as the said lands were not contiguous.

The district judge rendered judgment establishing the boundary in accordance with the contentions of the plaintiff; and for the sum of $75 for damages against the defendant for the destruction of plaintiff's fence; and further judgment non-suiting plaintiff's claim for use and occupancy, or rents and revenues.

The defendant appealed, and the plaintiff answered the appeal, and prays for an

amendment of the judgment of the district court by allowing plaintiff and appellee to recover the rents and revenues sued for, and that the judgment as thus amended be affirmed.

It will be noted that the sole defense urged to the action of boundary is that the defendant is the owner of the twenty acres of land inclosed by his alleged encroaching fence. In support of his contention the defendant has filed in evidence certain documents. The defendant relied on these identical documents to establish title in himself to adjacent lands of the same character, in the case of Elmo P. Lee v. J. Hearsey Riggs, 13 La. App. 34. This court held in that case that the defendant had no title to the land in dispute, but that, at the time of the purchase of the said land by defendant from H. T. Prudhomme and others, the title was in the state of Louisiana, and that the defendant had knowledge of the defects of his title.

The boundary as suggested by the survey, and established by the judgment of the district court is clearly correct.

We have examined the evidence bearing on the question of the destruction of plaintiff's fence by the defendant. The judgment, we think, is justified, and the amount of the award, which is $75, while conservative, closely approximates the damage sustained.

The counsel for the defendant suggests that the district judge did not allow plaintiff's claim for rents and revenues because he found that the defendant's use and occupancy of the property was in good faith. We do not know why the claim was not allowed, but the reason suggested by the counsel is negatived by the fact that the claim was non-suited and not rejected.

During the years 1918, 1919, 1920, 1921, and 1922 the twenty acres in controversy were owned, possessed, and cultivated by one Jake Williams, with the full knowledge and acquiescence therein of the defendant. On May 7, 1923, the plaintiff acquired the property from Jake Williams at sheriff's sale. It is for the period immediately following that sale, and until and including the year 1926, that plaintiff sues to recover rents and revenues from the defendant for the use and occupancy in bad faith of the twenty acres.

That $5 per acre is a fair rental value for the land, and that it was occupied and cultivated by the defendant during the years 1924, 1925, and 1926 is clearly established. It is not shown, however, with legal certainty, that the defendant took possession of the twenty-acre tract in 1923, which was the year the plaintiff acquired the title from Jake Williams.

The record strongly suggests, if it does not establish, that the defendant was a possessor in bad faith, but that question need not be determined from this record alone. As stated above, it was held as a fact in the case of Elmo P. Lee v. J. Hearsey Riggs that at the time of the defendant's abortive attempt to acquire title from H. T. Prudhomme and others, of the "Dried Lake Lands" which includes the land here claimed, he had knowledge that the title to said lands was in the state of Louisiana. The defendant was therefore a possessor in bad faith. McDade v. Bossier Levee Board, 109 La. 626, 33 So. 628; Lawrence v. Young, 144 La. 1, 80 So. 18; Lee v. Riggs, 13 La. App. 34.

It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against the defendant in the sum of $300 for rents and revenues for the years 1924, 1925, and 1926, and, further, that the judgment appealed from, as thus amended, be affirmed, with costs.