FLETCHER'S
HEIRS.  *Mathews, J.,* delivered the opinion of the court.
*vs.*
CAVELIER ET AL,  In this case the wife claims a separation from her husband,
treatment on the  as to bed and board, and also a partition of property. She
part of either of
the spouses' to-  obtained a judgment in the court below, favorable to both
wards the other,
in an action for  claims, and the defendant appealed.
separation from
bed and board;  The father of the plaintiff appeared as a witness, and was
but their compe-  permitted to testify in pursuance of the provisions of the act
tency does not
extend to proof  of the legislature, made in relation to married persons who
of the property
which the wife  claim a divorce. This law clearly renders ascendants com-
claims in such
cases.  petent witnesses to prove cruel and unjustifiable treatment on
In a cause tried  the part of either of the spouses towards the other. In the
by the court a-  present case the father was permitted to testify as to the wife's
lone, it is not to
be presumed  property, and to this part of his testimony an exception was
that the judge *a*
*quo* was influen-  taken. We are of opinion, that on this branch of the cause
ced in his judg-  he was not a competent witness, and thus far his testimony
ment by impro-
per evidence :  must be rejected. The case was tried in the court below
so, where, after
rejecting the il-  without the intervention of a jury. The record shows ample
legal evidence  proof to support the judgment then rendered in relation to
which was ad-
mitted on the tri-  the partition of property, without the testimony of the father,
al, there is still
enough to sus-  and it is not presumable that the judge *a quo* was influenced
tain the judg-  in rendering the final judgment by improper evidence.
ment of the
court, it will be
affirmed.  It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

───────────────────

FLETCHER'S HEIRS *vs.* CAVELIER ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where the plaintiffs recovered three undivided fourths of a tract of land,
and were required to pay the defendants the value of the improvements
thereon, and if not paid within sixty days, execution to issue : *Held,* that

the plaintiffs were not entitled to exercise the rights and actions of joint owners as soon as the question of title to the larger portion of the undivided property was decided in their favor, and provoke a sale of the whole property, with an adjustment of the improvements and fruits as incidental to the proceeding. *But it was held*, that in a petitory action the defendants are entitled to be maintained in their possession of the *whole* until the value of the useful improvements is paid· by the evictors in proportion as they have recovered.

EASTERN DIST.
June, 1836.

FLETCHER'S
HEIRS
vs.
CAVELIER ET AL.

Defendants who are evicted of part of their land, and entitled to pay for their improvements, are not bound to remain in a state of indivision with the evictors, and kept in suspense as to their ultimate rights, as well as their recourse in warranty, for ·an indefinite period of time. They are entitled to a fixed period when payment and adjustment may be coerced.

The obligations of the warrantor depend on the law in force at the time of the sale. *According to the provisions of the Old Civil Code, 354, article 57,* the seller is bound on the eviction of his vendee, to pay the augmented value of the property above the price of the sale.

The original price added to the rents and profits, does not necessarily constitute the measure by which the liability of the warrantor is to be tested.

The warrantor is not to be called on to reimburse, until the judgment of eviction has had its effect against the party evicted.

This is a petitory action, in which the plaintiffs succeeded in recovering from the defendants three undivided fourths of two tracts of land adjoining, situated on the bayou Manchac, as having been the property of the late James· Fletcher and which had never been legally sold since his death in June, 1804. See 4 *Louisiana Reports*, 267.

The cause was remanded to the District Court, to ascertain the value of the respective improvements·of the defendants, and determine the claims of the latter against the respective persons called in warranty by them, and to give judgment accordingly, and that no execution shall issue for the plaintiffs, until they have paid for the value of the improvements respectively.

On the return of the case, it was submitted to a jury on the evidence adduced by the parties, who returned a verdict as follows.

EASTERN DIST.
June, 1836.

FLETCHER'S
HEIRS
vs.
CAVELIER ET AL.

" We, the jury, find a verdict in favor of the plaintiffs, for three fourths of the amount of the rents and profits of the land which is three thousand six hundred dollars, from the 27th of July, 1827, to the present time (July, 1834) inclusive." " We also find a verdict in favor of the defendants for the improvements on the land of twenty-two thousand five hundred dollars, being three-fourths of the amount thereof." " We, the jury, find a verdict in favor of the defendants, against the warrantors for the three-fourths of the purchase money and three thousand six hundred dollars damages." " We, the jury, find three-fourths of the land and improvements to be worth thirty-seven thousand dollars. " We also find the three-fourths of the improvements to be worth twenty-two thousand five hundred dollars." " We, the jury, find the crop to be worth four thousand six hundred dollars, at the present time as it now stands."

Judgment was rendered on this verdict, in favor of the plaintiffs, for three thousand six hundred dollars, being the fruits and revenues received by the defendants, from the institution of suit (27th of July, 1827) until this date (July 7th, 1834): and in favor of the defendants, against the plaintiffs for twenty-two thousand five hundred dollars, the value of the improvements ; and that the plaintiffs be ordered to pay this sum, after deducting their claim for fruits and revenues, within sixty days, and in default thereof, that execution be permitted to issue in favor of the defendants, and that the lands thus recovered be seized and sold to satisfy the same ; and that no writ of possession issue until the said sum is fully satisfied.

Judgment was also rendered in favor of the defendants, (executors of A. Cavelier, senior,) against the plaintiffs, (who are heirs also of Mary Clark, who was heir of Daniel Clark,) in warranty for one thousand eight hundred dollars, being the one-half of the three thousand six hundred dollars, recovered by them ; and further, for the sum of eighteen thousand seven hundred and fifty dollars, being the three-fourths of the price of the land paid by A. Cavelier, senior, to Daniel Clark and his representatives, together with the

*increased value of the land.* A like judgment was rendered in favor of A. Cavelier, junior, and J. Devenport, two of the defendants, against Pierre Baron Boisfontaine, also called in warranty. And judgment was rendered in favor of P. B. Boisfontaine, over against the heirs of Mary Clark, (who was the heir of Daniel Clark,) for the sum of twenty thousand five hundred and fifty-dollars, the amount of the judgment in favor of A. Cavelier, junior, and J. Devenport, against said Boisfontaine. And it was further decreed, that the defendants be permitted to gather their crop, or that the plaintiffs pay its value on taking immediate possession ; and that the defendants pay the costs of suit, they being reimbursed by their warrantors.

From this judgment the plaintiffs appealed.

*Cuvillier,* for the plaintiffs.

*Turner,* appointed curator *ad hoc* and to defend the absent heirs of Clark.

*Thomas Gibbs Morgan,* for the defendant.

*Elam,* for warrantors.

*Bullard, J.,* delivered the opinion of the court.

At the August term, 1832, judgment was rendered in favor of the plaintiffs, for three undivided fourths of the land in controversy, but the case was remanded to ascertain the value of the improvements, &c. and it was ordered that no execution should issue for the plaintiffs until they shall have paid the value of the improvements. 4 *Louisiana Reports,* 266.

On these questions of the value of the improvements and fruits, a jury having pronounced on the second trial and judgment being rendered accordingly, the plaintiffs again appealed after soliciting in vain a new trial in the court below.

A careful examination of the evidence has failed to convince us that the complaints of the appellants are well founded, as to the amounts found by the jury.

Eastern Dist.
June, 1836.

FLETCHER'S
HEIRS
*vs.*
CAVELIER ET AL.

Where the plaintiffs recovered three undivided fourths of a tract of land, and were required to pay to the defendants the value of the improvements thereon, and if not paid within sixty days, execution to issue : *Held,* that the plaintiffs were not entitled to exercise the rights and actions of joint owners, as soon as the question of title to the larger portion of the undivided property was decided in their favor, and provoke a sale of the whole property, with an adjustment of the improvements and fruits, as incidental to the proceeding ; but it was held, that in a petitory action the defendants are entitled to be maintained in their possession of the *whole,* until the value of the useful improvements is paid by the evictors, in proportion as they have recovered. Defendants who are evicted of part of their land, and entitled to pay for

EASTERN DIST.
June, 1836.

FLETCHER'S HEIRS
*vs.*
CAVELIER ET AL.

their improvements, are not bound to remain in a state of indivision with the evictors, and kept in suspense as to their ultimate rights, as well as their recourse in warranty for an indefinite period of time. They are entitled to a fixed period when payment and adjustment may be coerced.

The obligations of the warrantor depend on the law in force at the time of the sale. According to the provisions of the Civil Code, 354, article 57, the seller is bound on the eviction of his vendee, to pay the augmented value of the property, above the price of the sale.

The original price added to the rents and profits, does not necessarily constitute the measure by which the liability of the warrantor is to be tested.

The warrantor is not to be called on to reimburse, until the judgment of eviction has had its effect against the party evicted.

But, it is urged, that the court erred in decreeing that an execution might issue against the plaintiffs, if within sixty days the estimated value of the improvements was not paid by them. The argument of the appellants on this point, rests on the hypothesis that the plaintiffs are entitled at once to all the rights and actions of a joint owner, as soon as the question of title to an undivided part was determined in their favor, and that they could require a sale of the whole tract of land and an adjustment of the improvements and fruits as incidental to that proceeding. But it must not be overlooked that this is a petitory action, and the defendants are entitled to be maintained in their possession of the whole, until the value of the useful improvements is paid by the plaintiffs in proportion to the part recovered by them. Nor were the defendants bound to remain in a state of indivision with the plaintiffs and to be kept in constant suspense as to their ultimate rights, as well as their recourse in warranty, for an indefinite period of time at the discretion of the plaintiffs.

The counsel of the vendors, cited in warranty, complains of the judgment rendered against them in favor of the defendants, on the ground that they are not liable to pay more than three fourths of the price received by them, together with the rents and profits. The obligations of the warrantors depend on the law in force at the time of the sale, and according to the provisions of the Code then in force, the seller was bound on the eviction of his vendee to pay the augmented value of the property, above the price of the sale. *Civil Code, page 354, article 57.* It is therefore clear that the original price, added to the rents and profits, does not necessarily constitute the measure by which the liability of the warrantor is to be tested. It does not appear to us that a greater amount has been awarded to the defendants, in the event of eviction, than the law would justify. But we are of opinion, that no execution ought to issue against the warrantors until the eviction pronounced by the judgment in favor of the plaintiffs, shall have its effect. It was so ruled by this court in the case of Malançons Heirs *vs.* Duhamel, 7 *Louisiana Reports,* 286.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.