Davenport et al. vs. Knox et als.

## No. 8821.

### EDGAR DAVENPORT ET AL. vs. N. KING KNOX ET ALS.

Where the nullity of a tax sale is decreed and case remanded to ascertain amount of taxes paid by the evicted purchaser and value of improvements made by him, for which reimbursement is claimed by reconventional demand, and the case is again tried on this remaining issue, and a second appeal taken, *held*, that this Court is without jurisdiction where the amount of such reconventional demand does not exceed $1,000.

On the merits: same as in preceding case 8820.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburne, J.*

*Herron & Beale* and *C. D. Favrot* for Plaintiffs and Appellants.

*Knox & Laycock* and *Burgess & Burgess* for Defendants and Appellees.

The opinion of the Court was delivered by

TODD, J. This suit was instituted to annul a tax sale. The land sold at such sale was purchased by the defendants separately and in separate quantities.

The defendants filed separate answers, and in the event that the sale was annulled, claimed each the taxes paid and the value of the improvements respectively made on the land.

On appeal to this Court from a judgment in favor of the defendants, the judgment was reversed, the sale annulled, and the case remanded for the purpose, as expressed in the decree, " of ascertaining the amount of taxes (not including costs and penalties) paid by each of the defendants respectively on the lots or parcels by them purchased, due at the time of sale and subsequently, and the value of the improvements by them respectively made, the right to recover which said taxes and improvements is reserved to defendants." 34 An. 409.

The case on being remanded on this issue resulted in a judgment awarding to the several defendants separately specific amounts for taxes paid and improvements, from which the plaintiffs have appealed.

There is a motion on the part of the appellees, Willis and Bluin, Bertrand and Scott, to dismiss the appeal, on the ground that the matter in dispute is less than $1,000.

By referring to the answers of these parties, in which they separately demanded in reconvention, in the event of eviction, to be reimbursed for taxes and improvements as above stated, it appears that not one of them claimed as much as one thousand dollars. Such demand furnishes the test of our jurisdiction ; and it is clear that that jurisdiction is wanting *ratione materiæ;* and the appeal as to these parties must be dismissed. 33 An. 806; 28 An. 172; 18 An. 136.

This leaves the case before us standing only as to N. King Knox, whose reconventional demand exceeded the jurisdictional amount. The court *a qua* awarded him, besides the taxes paid, $415 for improvements. The appellants deny his right to either.

Although the sale was annulled for defects and irregularities in the proceedings relating thereto, yet inasmuch as it was ordered and made by competent authority, the purchase was, doubtless, *bona fide* on the part of this defendant, and he must be regarded as a possessor in good faith and entitled to the rights of such. He is, therefore, entitled to demand reimbursement for the amount of taxes to which the land was legally subject, and the payment of which enured to the benefit of the owner. Stafford vs. Twitchell, 33 An. 531. On this point the case of Shannon vs. Lane, 33 An. 489, is not authority. That was a case where the tax sale had not been annulled, but where a creditor of the owner had redeemed the land and sued him to recover the taxes he was compelled to pay. He is also entitled to value of useful improvements to the extent that the land is enhanced thereby. Ib.

The whole amount of taxes to which the portion of the land purchased by Knox was subject, both before and after the tax sale, estimated in accordance with the revenue laws in force during that time and upon the assessments shown in the record, was $71.22, instead of the amount ($131.80) allowed by the District Judge.

In regard to the improvements, it is shown that during defendant's possession of the land he caused to be built four or five houses, and to be cleared and fenced twenty-eight acres of land. Both the buildings and clearing and fencing enhanced the value of the land, and as useful improvements present equal claims for reimbursement, and there is no reason why a distinction should be made between the two, as was done by the Judge *a quo*. The Judge allowed too much for the building, and nothing for the other improvements. We have reviewed the testimony on this point, and reached the conclusion that the allowance made in the lower court for the buildings affords substantially a fair compensation for improvements of all kinds, and we will not disturb the judgment in this respect, nor allow the amendment asked for.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court, as between the plaintiffs and this defendant N. King Knox be amended, by reducing the amount allowed therein for taxes to seventy-one 22-100 dollars, ($71.22) and as thus amended it be affirmed, costs of appeal to be paid by defendant and appellee.

By MANNING, J. I think the defendant is entitled to be reimbursed the full amount of the taxes paid by him upon the property, and I

know of no good reason why the ruling in Shannon vs. Lane shall not be extended to the facts here. Every owner of property owes taxes; and knows that he owes them, and if he neglects or refuses to pay them, and another does pay the government what its officers have assessed and demanded, when the correctness of the amount has not been contested or looked into even by the tax-ower, he who has paid the treasury is entitled to be paid back in full, and I think the judgment is error in that particular.