Giddens vs. Mobley et als.

## No. 9334.

### D. M. GIDDENS, EXECUTOR VS. MADISON MOBLEY ET ALS.

The good faith necessary to enable a claimant under a tax title to plead prescription is simply that he shall not have acquired the property *mala fide*. Where the tax-deed is valid in form and there is no defect stamped on its face and the sale has been made by the proper officer, the purchaser is a possessor in good faith.

A possessor and owner cannot be deprived of his right to plead prescription because he might by inquiry and careful examination have discovered that his vendor had no title. The constitutional direction that all deeds from tax-collectors for land sold by them for taxes shall be received as *prima facie* valid has placed tax-titles on the same footing as other titles under judicial sales and subjected them to the same rules as sheriffs' deeds.

Before that constitutional change was made, an assessment could not be presumed but must be proved. By virtue of that change it is presumed without proof and *prima facie* the tax deed is valid. If that deed is valid in form and the defect is want of authority or right in the officer to make it, and not in the manner of making it, the knowledge that the officer had no right to make the sale is not brought home to the purchaser.

No symbolic ceremony such as livery of seizin at common law is necessary to constitute a taking possession of land. The authentic Act of sale of land described by location, extent, etc., is a taking possession of it and a notice to the world that he who thus claims it claims as owner. Especially is this true of land in a state of nature with forest unreclaimed.

The purchaser at a tax-sale in good faith who has a title from the competent and proper officer valid in form, with no defect stamped upon it and patent, and who has possessed by himself, or by himself and his authors ten years, has acquired an indefeasible title and may successfully defeat the claim of the original owners thereto.

APPEAL from the Tenth District Court, Parish of Red River.
*Logan,* J.

*M. S. Jones, J. S. Roach* and *Kennard, Howe & Prentiss* for Plaintiffs and Appellants.

*L. B. Watkins, S. A. Hale* and *J. F. Pierson* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J. The object of this suit is the recovery of a tract of land of two thousand and twenty acres in the parish of Red River. The defendants claim under a tax-title executed to their vendors and among numerous defences plead the prescription of ten years.

The land belonged to one Goldsby who lived and died in Alabama and to one Bradley who lived and died in Texas, and they held it in indivision. Their successions were settled in those States respectively. Giddens had no connection with these, but on filing these wills here obtained the appointment of dative testamentary executor of each of them, in which capacities he brings this suit. His opening the suc-

27

cessions here seems to have been for the sole purpose of suing for this property. There are no debts nor legacies nor charges upon this land, and no need of or excuse for an administration here unless one was necessary to recover this property. Broussard v. Ditch, 30 Ann. 1109. The suit was filed July 5, 1881.

An exception to the plaintiff's capacity to sue was promptly interposed on the ground that there being no debts, legacies, or charges, this land had devolved to the heirs who alone could sue for it. The exception should have been sustained as was that in Hart v. Bowie, 34 Ann. 323, but the lower court overruled it and permitted the petition to be amended by making the heirs parties, which however was not done until July 1882. This was a grace to them with which we do not find occasion to interfere.

The land was all forest when sold for taxes in 1870. Seven persons bought, each a separate part or parts, the sale being in parcels of forty acres each. These sold to the defendants over twenty in number, and an exception was made to the joinder of all of them in one suit when each owns a separate tract in severalty, which was overruled. Some of these had mortgaged their lands and the mortgage had been foreclosed and the land bought by others. John Chaffe & Sons are claimants of a part of this land under title thus acquired and they intervened. The several parcels of land thus owned have been cleared, houses have been built, fences made, and a number of farms now appear where an unreclaimed forest was at the time of the sale. Yet rents and revenues are claimed for the entire period of occupancy.

There cannot be any doubt that the defendants possessed in good faith. The Code defines such possessor to be one who has just reason to believe himself the master of the thing which he possesses although he may not be in fact, Rev. Civ. Code, art. 3451, and good faith purifies a title of its defects and causes the possessor under a just title to be preferred to the true proprietor who has remained so long silent and neglectful of his rights. M'Closkey v. Webb, 4 Rob. 205. Blackwell says the statute of limitations when pleaded to protect tax-titles should be construed liberally because it is intended for repose, and that to enable one to prescribe under such title the good faith requisite simply means that the occupant in acquiring it shall not have acted *mala fide*. He must have entered under a claim of right. Tax Titles, 671. And the Supreme Court of the U. S. held that it was only necessary to assure to one claiming under a tax-title the protection of the statute of limitations to shew that he and those under whom ho

claimed held under a deed from the collector of revenue, and that he was not bound to know that all the requirements of the law had been complied with in order to make his deed a valid and indefeasible conveyance of title. Pillon v. Roberts, 13 How. 472. We said lately in Hickman v. Dawson, 35 Ann. 1086, that the tax-sale having been made by competent authority and the defects or elements of nullity charged against the tax-deed not being patent on its face, the purchaser at the sale was a possessor in good faith, and this is in line with previous decisions. In Eldridge v. Tibbets, 5 Ann. 380 the sheriff had no authority to make the tax-sale but he did make it and executed a formal deed to the purchaser and the purchaser sold to another, and this other was declared to be a possessor in good faith.

The deed of the tax-collector is valid in form. It contains all the usual recitals including that the property had been assessed, and that the taxes for certain years had not been paid, and is in full compliance with the forms prescribed for tax-sales. There is no defect stamped on the face of the deed, and that is what this court said was meant by valid form in a deed which would enable a holder under it to prescribe. Carrol v. Cabaret, 7 Mart 406. A possessor cannot be deprived of the right of pleading prescription because he might by inquiry and careful examination discover that his vendor has no title. Frique v. Hopkins, 4 Mart. N. S. 224. Where the deed is perfect in form and the defect is want of right or authority in the officer to make it and not in the manner of making it, the knowledge that the officer had no right to make the sale is not brought home to the buyer. Dufour v. Camfranc, 11 Mart. 715, so in Robinson v. Brown, 14 Ann. 985 where the purchase was at an administrator's sale under a commission that recited a decree for the sale, but in fact there was no decree. Knowledge of the want of right in the officer to sell was held not brought home to the purchaser. Now as the assessment is likened to a judgment or decree, a deed that recites an assessment, although that recital is not by any means full proof that an assessment has been made, yet the holder under it is enabled to plead prescription. The deed is valid in form and knowledge of the want of assessment is not brought home to the purchaser.

The Constitution of 1868, under which this sale was made, directed that all deeds from tax-collectors shall be received as *prima facie* valid sales, so that tax-titles were placed on the same footing as other judicial sales and were subject to the same rules as sheriff's deeds. Jury v. Alison, 30 Ann. 1235. Formerly the assessment could not be pre-

sumed but must be proved. Under that constitutional provision it is presumed without proof and the tax-deed is *prima facie* valid. Lannes v. Work. Bank, 29 Ann. 115; O'Hern v. Hibernia Ins. Co., 30 Ann. 960; Renshaw v. Imboden, 31 Ann. 661; N. O. Asso. v. Labranche, *Ibid.* 840; Ludeling v. Maguire, 35 Ann. 893.

The tax-deed bears date July 26, 1870. Our law considers the delivery of immovables as always accompanying the public Act that transfers them. Rev. Civ. Code, art. 2479. If actual corporeal possession of wild timbered land in unreclaimed forest be necessary in order to enable one to acquire it by prescription, then it could never be so acquired unless we should invent some symbolic ceremony such as livery of seizin at common law. The public authentic Act in which the property is described by quantity, location, etc. duly recorded is a taking possession and notice to the world that he who thus appears as the owner claims it as such. The plaintiffs are estopped from contesting this fact of possession because they allege that the defendants have possessed since July 26, 1870 and claim rent from that day. More than ten years elapsed from that day to the institution of this suit on July 5, 1881.

As we think the plea of prescription should have been sustained it becomes unnecessary to examine or pass upon the demand of the intervenors which was made for the contingency of the defendants' failure to establish their title.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be judgment in favor of the defendants sustaining their plea of prescription and quieting them in the possession and ownership of the land and against the plaintiffs for their costs in both courts. It is further decreed that the interventions be dismissed at the cost of the intervenors without prejudice to any rights they may have as set out in their petition.

---

### ON APPLICATION FOR REHEARING.

We are informed for the first time now that in this transcript of over a thousand pages the answer of Larkin Edwards, one of the defendants, is not to be found and that in fact he filed none and therefore no plea has been filed by him;—

That among the twenty-odd defendants Mrs. Sisso, H. C. Myers, and J. P. Broadwall acquiesce in the judgment because they have not answered the appeal, and Madison Mobley and T. H. Hamilton have answered the appeal and expressly acquiesced in the judgment below;—

That Sam and Marie White have not pleaded prescription and the court cannot supply it.

An examination of the bulky volume discloses on its 711th page that Sam and Marie White specially pleaded the prescription of ten years.

Messieurs L. B. Watkins and S. A. Hull filed in this court an answer to the appeal "for all the defendants and all the intervenors," and in a letter produced here and filed in the application for rehearing, Mr. Watkins qualifies this by stating that he and Mr. Hull represented all the defendants except Mrs. Sisso and Mobley, and therefore we shall consider their answer to the appeal as on behalf all except those two.

Mobley had pleaded ten years' prescription but in this court he and Hamilton filed an answer praying the affirmance of the judgment below. The reason for this change of front is apparent. Mobley had divested himself of his part of the land by selling it to others and had received the price. His vendors sold to others and they had mortgaged it and the intervenors John Chaffe & Sons had become owners of the mortgage, had foreclosed it and bought the property. They claim title to the land once owned by Mobley. The answer filed here by Mobley compels us to reopen the case as to him, but obviously the intervenors are interested in contesting the correctness of the judgment as to him and we shall therefore reopen it as to them.

It is also said that the lands claimed by B. F. Jones are not all included in the tax-deed. As the plea of prescription applies alone to the land conveyed in the tax-deed, he may be included in the rehearing.

We have no change to make in the legal principle enunciated in the opinion and shall refuse a rehearing as to all the defendants except those specially mentioned, and therefore

It is ordered that a rehearing is granted to the plaintiffs *quoad* the defendants Larkin Edwards, Mrs. Sisso, Madison Mobley, T. H. Hamilton and B. F. Jones, and is refused as to all the other defendants. A rehearing is granted the intervenors of our own motion.