No. 10,903.

MISS IDA DURBRIDGE VS. CHAS. H. CROWLEY ET AL.

1. In a petitory action, the unsuccessful defendant, though previously, a possessor in good faith, is liable for rent or rental value from judicial demand.

2. Defendants are entitled to their beneficial expenditures for repairs, improvements, taxes, etc , but they can not claim taxes paid by the authors of their invalid title, who had the enjoyment of the property exceeding in value the taxes paid.

3. There being no proof of enhanced value of the property resulting from defendant's expenditures thereon beyond the amount of the expenditures themselves, the allowance in their favor of the expenditures satisfies their right.

A PPEAL from the Twenty-fourth District Court for the Parish of St. Bernard, *Livaudais J.*

*Walshe & Braughn*, for Plaintiff and Appellee, cited: C. C. Arts. 503 and 508; 38 An. 150; C. P., Arts. 907 and 890.

*Drolla & Augustin*, for Defendants and Appellants, cited: 28 An. 830; 15 An. 698; 27 An. 398; 38 An. 150; 16 An. 415; 2 An. 347; 5 An. 380; 3 La. 543; 99 U. S. 520.

The opinion of the court was delivered by

FENNER, J. The plaintiff brought a petitory action against the defendants for the ownership of certain real estate, coupling therewith a demand for partition and for one-fourth the rents or rental value of the property from judicial demand.

The case was before us in April last upon exception to the cumulation of such demands, which had been maintained in the court below, but was reversed in this court. Durbridge vs. Crowley et als., 43 An. 504.

The defendants answered denying plaintiff's allegation of title, alleging that they had paid out as expenses on the property for improvements, repairs, taxes, insurance, etc., the sum of $1040.49, which should be reimbursed to them in event of destitution of title, and calling in warranty the author of their own title. The warrantor appeared and pleaded a general denial.

On these issues the case went to trial, and resulted in a judgment recognizing plaintiff as one-fourth owner, [decreeing a partition, giving her judgment against defendants for rents from judicial demand, and giving defendants judgment against plaintiff for one-fourth of expenses claimed and proved by the former, together with a judgment in favor of defendants against the warrantor for the purchase price.

The defendants only have appealed. They do not complain of the judgment so far as the maintenance of plaintiff's title is concerned or as to the decree of partition.

Their complaint is confined to the adjustment of the revenues and expenses.

1. As to the rents, defendants were clearly liable for rent from judicial demand. Rev. C. C. 503; Dufilho vs. Mayor, 27 An. 399.

The evidence clearly fixes the rental value at the rate allowed by the court. During a portion of the time, since judicial demand, defendants rented out the property at that rate—during the rest of the time they used it themselves.

They are liable for the rental value in both cases.

2. As to the allowance in their favor, the court allowed defendants all they claimed in their answer, viz., one-fourth of the expenses for improvements, taxes, etc., paid out by them during their supposed ownership.

Their claim for one-fourth the taxes which had been paid by the authors of their title has no support either in their pleading, in the proof or in the law. The property is shown to have had a rental value, and those who paid the taxes had the use and enjoyment of the property. Even as possessors in good faith they would be bound to compensate the taxes against the rents.

Appellants also claim an allowance for the enhanced value, resulting from their expenditure on the property. No enhancement is proved beyond the amount of the expenditures, and the allowance for the latter satisfies all their possible right.

Judgment affirmed.