(61 South. 866.)

No. 19,208.

IATT LUMBER CO., Limited, et al. v. FAIRCLOTH.

(March 31, 1913. Rehearing Denied May 12, 1913.)

1. ABATEMENT AND REVIVAL (§ 12*) — LIS PENDENS—ANOTHER ACTION PENDING.

The existence of another suit between the same parties, involving the same land and issues in the federal Supreme Court, will not support a plea of lis pendens in the state court.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91, 94, 95, 98; Dec. Dig. § 12.*]

2. PUBLIC LANDS (§ 107*) — DECISIONS OF COMMISSIONER OF LAND OFFICE—ESTOPPEL.

In an action involving land patented to a railroad company, which defendant claimed by actual occupancy and plaintiff under grants from the patentee, no estoppel available to defendant can be based upon Act Cong. Feb. 8, 1887, c. 120, 24 Stat. 391, binding the railroad company patentee to abide by the decision of the Commissioner of the General Land Office in all controversies between itself and actual settlers, where the decision of the commissioner was against the defendants.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 303, 306; Dec. Dig. § 107.*]

3. PUBLIC LANDS (§ 107*) — DECISIONS OF COMMISSIONER OF LAND OFFICE — CONCLUSIVENESS.

A decision of the Commissioner General of the Land Office, rejecting an application to enter land, is conclusive only when founded upon the facts, and if founded upon law is subject to review by the courts.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 303, 306; Dec. Dig. § 107.*]

4. PUBLIC LANDS (§ 132*)—RIGHTS OF OCCUPANCY.

Where defendant, who claimed by actual occupancy land which had previously been patented to a railroad company in 1871, did not apply for a homestead entry until 1909, his rights were barred under Act March 2, 1896, c. 39, 29 Stat. 42 (U. S. Comp. St. 1901, p. 1603), providing that suits by the United States to vacate and annul any patents to land heretofore erroneously issued under a railroad grant shall only be brought within five years after the passage of the act; this being particularly true as that act and the confirmatory act of February 8, 1887 (24 Stat. 391, c. 120), protected bona fide purchasers against actual settlers, and plaintiff was a bona fide purchaser from the railroad company.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 348; Dec. Dig. § 132.*]

5. REAL ACTIONS (§ 8*)—PETITORY ACTIONS—
IMPROVEMENTS.

Defendant, who in good faith made improvements upon land upon which he and his predecessors were in possession, cannot be made to remove the improvements within a fixed time, but has the privilege of continuing in possession until he shall have been paid the value thereof.

[Ed. Note.—For other cases, see Real Actions, Cent. Dig. §§ 26–35; Dec. Dig. § 8.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Action by the Iatt Lumber Company, Limited, and another against A. W. Faircloth. From a judgment for defendant, plaintiffs appeal. Reversed.

W. C. & J. B. Roberts and J. X. Williams, all of Colfax, for appellants. Cas Moss, of Winnfield, for appellee.

PROVOSTY, J. This is a petitory action, coupled with an injunction, involving the W. ½ of the S. E. ¼, and the S. W. ¼ of the N. E. ¼, and S. E. ¼ of the N. W. ¼ of Sec. 1, T. 7, N. R. 3, W., La. Mer. parish of Grant.

This land was patented to the New Orleans Pacific Railway Company by the United States government on March 3, 1885, as having been included in the grant made by Congress in 1871 to the New Orleans, Baton Rouge & Vicksburg Railway Company (Act March 3, 1871, 16 Stat. 573, c. 122), the assignor of the N. O. Pac. R. Co.

The patentee sold this land in 1892 to John Benetto; the latter died, and his heirs sold it in 1893 to Thatcher & Barnum; the latter sold it in 1900 to the plaintiff Edenborne, and the latter sold the timber on it to the Iatt Lumber Company in 1906.

The defendant denies that the plaintiffs have any title or right to the property, and seeks to justify his detention of it by showing that by a provision in the act making the grant to the New Orleans, Baton Rouge & Vicksburg Railway Company, there was expressly excepted from the grant "all lands occupied by actual settlers at the date of the definite location of said road," and that said road was definitely located in November, 1882, and by attempting to show that at that time said land was occupied by an actual settler named Sermons, and that it has continued to be occupied uninterruptedly down to the present time by successive settlers, including the defendant, each of whom acquired by purchase the rights of his predecessor.

Before answering to the merits defendant pleaded lis pendens and estoppel.

[1] The lis pendens plea is founded upon the fact that another suit between the same parties and involving the same land and issues was pending in the United States court. This exception was properly overruled, since a suit pending in a federal court does not afford a foundation for a plea of lis pendens in a state court. Ferriday v. Middlesex Banking Co., 118 La. 770, 781, 789, 43 South. 403.

[2] The estoppel is sought to be founded on an agreement entered into by the New Orleans Pacific Railway Company, known as the Blanchard-Robertson agreement, which was given the force and effect of an act of Congress by Act Cong. Feb. 8, 1887, 24 Stat. at L. c. 120, p. 391. That agreement is transcribed in full in Gould v. Pollard, 129 La. 7, 55 South. 689. It binds the railway company to accept and abide by the decision of the Commissioner of the General Land Office in all controversies between itself and persons claiming to have been actual settlers upon those lands that would have been embraced within said grant of 1871 (confirmed by Act Cong. Feb. 8, 1887, 24 Stat. at L. c. 120, p. 391), if not already occupied by an actual settler at the date of the location of the road. But that agreement by its very terms applies only to cases where the decision has been adverse to the railroad com-

pany, whereas in the instant case the decision of the Commissioner General of the Land Office was adverse to the defendant. The defendant, relying upon the same alleged uninterrupted occupation of said land relied on in this case, applied, in September, 1909, to make a homestead entry on said land, and the application was denied. How, then, can said "agreement" be said to govern the present case? If it does, it must be against defendant, on the principle that equitably an agreement, to abide by the decision of an arbiter, ought to be reciprocal. The plea of estoppel was properly overruled.

[3] The said decision of the Commissioner General of the Land Office, rejecting defendant's application to enter this land, is not shown to have been appealed from, and is therefore final. It would be conclusive of the present case on the question of the land having been, or not, occupied by an actual settler at the date of the location of the road, if it had been founded on the facts; for the decision of the land office on the facts in such a controversy "is conclusive, and not subject to be reviewed by the courts" (32 Cyc. 1020, 1025); but it was founded upon law, and is therefore not conclusive. Id.

[4] As so founded, however, it appears to us to have been manifestly correct. The commissioner said:

"Under the Acts of March 2, 1896, c. 39, 29 Stat. 42 [U. S. Comp. St. 1901, p. 1603], it is provided that suits by the United States to vacate and annul any patents to lands theretofore erroneously issued under a railroad or wagon road grant shall only be brought within five years after the passage of said act. Even if it should be assumed, therefore, that all the facts in relation to the settlement and continuous residence and improvements by Sermons and his assignee, Faircloth, are absolutely true and correct, and that patent was erroneously issued to the railroad company for lands excepted from the operation of said confirmatory grant, this applicant has been guilty of laches, and the land department is now unable to afford him any relief."

The defendant is here denied any standing even as against the railroad company itself.

How much less standing has he, then, as against bona fide purchasers from the railroad company, or from its assigns, such as the plaintiffs in this case unquestionably are. The original grant of 1871 excepted from the operation of the grant all lands occupied by actual settlers at the date of the location of the road, irrespective of whether such settlers were, or not, "entitled to make homestead or pre-emption entries." Lisso v. Devillier, 118 La. 559, 43 South. 163. And the confirmatory act of February 8, 1887 (24 Stat. c. 120, p. 391), was to the same effect. But the curative act of March 3, 1887, 24 Stat. c. 376, p. 556 (U. S. Comp. St. 1901, p. 1595), confirmed the title of bona fide purchasers from the railroad as against all settlers except bona fide homestead and pre-emption entries. And, finally the supplementary curative act of March 2, 1896 (29 Stat. c. 39, p. 42), confirmed the title of bona fide purchasers from the railroad even as against homestead and pre-emption entries. It provided that:

"No patent to any lands held by a bona fide purchaser shall be vacated or annulled, but the right and title of such purchaser is hereby confirmed."

No exception is here made in favor of settlers of any kind; even homesteaders and pre-emptioners are cut out.

We do not find it necessary to discuss the facts, but have duly considered them, and have found that, at best, the defendant would be entitled to only one of the forties in question.

[5] The defendant and his predecessors in possession having been possessors in good faith, the prayer of the petition of plaintiffs that he be ordered to remove his improvements from the land in question within a time to be fixed by the court cannot be granted. On the other hand, the usual privilege of continuing in possession until he shall have been paid the value of his improvements cannot be extended to defendant,

since he has not prayed for same, and since whatever evidence as to the value of said improvements has been offered has not been offered in connection with any demand that the defendant be required to pay for same.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiffs have judgment against the defendant reinstating and making perpetual the injunction herein, and decreeing the plaintiff William Edenborne to be the owner of the land in dispute in this case and the Iatt Lumber Company, Limited, to be the owner of the timber thereon, and ordering them to be put in possession of same, and that the defendant pay all costs.