## EDDINS et al. v. GILES.
### No. 4171.

Court of Appeal of Louisiana. Second Circuit, Second Division.

June 11, 1932.

John G. Gibbs, of Shreveport, for appellant.

Parsons & Colvin, of Mansfield, for appellee.

TALIAFERRO, J.

The plaintiffs, Sancho Eddins, Dinah Eddins Nelson, Nettie Eddins Brooks, Sallie Eddins, Redmond, Ola May Eddins, and Mary

Eddins, alleging themselves to be the sole heirs (children) of their deceased mother, Mary Code Eddins, instituted this petitory action against defendant, Cuffie Giles, to recover title to the following described tract of land in De Soto parish, viz.: "Beginning at the Southeast corner of Section Sixteen (16), Township Fifteen (15), Range Thirteen (13) West, and running thence West Nineteen and Ninety-three Hundredths (19.93) chains, thence North Thirteen and one-third (13.33) chains, thence East Nineteen and Ninety-three hundredths (19.93) chains, thence South Thirteen and One-third (13.33) chains to point of beginning, and containing Twenty-seven (27) acres more or less."

It is alleged that the mother of petitioners acquired said land in act of partition with her coheirs on August 14, 1913, recorded in Conveyance record Book No. 33, folio 237, of De Soto parish; that their mother held actual possession of the land until her death in 1918 and thereafter possession was continued in behalf of her children, plaintiffs herein, until after January, 1925.

Plaintiffs further allege that defendant is in possession of said property, claiming ownership thereof by virtue of a deed from Frierson Company, Limited, dated September 26, 1927, and that said company claimed to have acquired the property at tax sale (the date and details of which are not given), which is null and void and without effect, for the reason that the description therein is erroneous and does not describe the property owned by plaintiffs and described in their petition. It is further alleged that defendant owes rent of $150 for the use of said property for each of the years 1927, 1928, and 1929. The value of the land sued for is alleged to be $675. It is not alleged that defendant is a possessor in bad faith.

The two last named plaintiffs, Ola May Eddins and Mary Eddins, when this suit was filed, were minors without a tutor. The court appointed John G. Gibbs, who represented plaintiffs as attorney, "Curator ad Litem or Special Tutor," to act for the minors. This order was indorsed on the plaintiff's petition the same day it was filed. The representative of the minors, thus appointed, did not petition for them nor make himself a party to the suit. He signs the petition as attorney for plaintiffs. Defendant excepted to the minors' suit on the ground that they were improperly joined therein, and the appointment of John G. Gibbs to represent them, as stated above, was not authorized by law. This exception was sustained and further proceedings on behalf of these minors stayed, reserving to them the right to have a tutor qualified to represent them herein. No formal judgment was signed by the court closing its action on the exception. No tutor was appointed.

Defendant also filed a plea of prescription of three years provided in section 11, article 10, of the Constitution of 1921, which was referred to the merits. He then answered and called in warranty his vendor, the Frierson Company, Limited. His answer to the merits of the suit is mainly a general denial. He admits possession of the property and ownership thereof through warranty deed from Frierson Company, Limited, whose ownership of same, he avers, was acquired through the tax sale referred to by plaintiffs. He avers that he purchased said property in good faith, believing his vendor to be the legal owner thereof at time of sale to him; that said vendor had purchased the property at tax sale in year 1925 for unpaid taxes of the year 1924 assessed in name of "Mary Eddins Estate," deed thereto being recorded in the records of De Soto parish. That Mary Eddins Estate owned only one tract of land in De Soto parish, and, although the land in said tax deed was misdescribed, the range being given as 14 instead of 13, yet the description was sufficiently accurate to enable the tax purchaser to identify and locate the property intended to have been assessed and sold, and that said tax purchaser did actually locate and take possession of the lands in the year 1925. Defendant avers further that, immediately after he purchased said land in the fall of 1927, he went into actual physical possession thereof; put blocks under the small dwelling thereon, covered the roof and installed window lights, and made said dwelling habitable for himself and wife; that he inclosed the land with fences, cleared away the timber on the entire tract, and erected other improvements thereon; and, in the event plaintiffs should succeed in this suit, that, as a possessor in good faith, he is entitled to be reimbursed for the value of the useful improvements placed by him on said land, which are itemized by him as follows:

| | | |
|---|---|---|
| 1st: | One 4-room house erected on said property, costing and having a value of | $600.00 |
| 2nd: | For labor and expense in clearing, improving and putting into cultivation 15 acres of woods land at $7.50 per acre, totaling | 112.50 |
| 3rd: | For labor and expense in clearing and putting into a state of cultivation 9 acres of old field at $5.00 per acre, totaling | 45.00 |
| 4th: | For labor, expense and material in erecting wire fence | 52.50 |
| 5th: | For expense in digging one water well | 20.00 |
| 6th: | For labor, expense and material in building garden fence | 25.00 |
| 7th: | For labor and expense in erecting one barn | 30.00 |
| 8th: | For labor, material and expense in erecting Garage | 30.00 |
| 9th: | For labor, material and expense in fencing hog pasture | 10.00 |
| 10th: | For repairs on old house on premises | 45.75 |
| | Total | $970.75 |

He also prays to be reimbursed the taxes he alleges he paid on the property for the years 1924 to 1929, inclusive, amounting to $68.41, and for judgment against his warrantor in event of eviction.

The warrantor did not answer the call served on it. A trial was had on the issues tendered by these pleadings. The plaintiffs Sancho Eddins, Dinah Eddins Nelson, Nettie Eddins Brooks, and Sallie Eddins Redmond were decreed to be owners to the extent of an undivided one-sixth each in the land sued for, and the tax sale to Frierson Company, Limited, was annulled and set aside so far as concerned these plaintiffs. Defendant was adjudged to be a possessor in good faith and was given judgment against said four plaintiffs for two-thirds of $970.75, the value of the improvements placed by him on the land in dispute, with interest thereon from April 15, 1930; and judgment for two-thirds of the taxes alleged to have been paid by him for the years 1924 to 1929, inclusive, amounting to $68.41, "with legal interest thereon from respective dates and ten per cent (10%) additional." Defendant's right to proceed against his warrantor, Frierson Company, Limited, was reserved to him, and he was adjudged entitled to retain possession of the land and improvements thereon until the judgment in his favor has been paid. He was condemned to pay costs.

Plaintiffs only have appealed.

The names of all six of the original plaintiffs is signed to the appeal bond, and their counsel, in this court, complains of the lower court's ruling in sustaining the exception to the joinder of the two minors in the suit. We do not think that question is now before us. No appeal was taken from the court's action in sustaining the exception; no judgment was signed to close the matter, and over twelve months elapsed before the appeal, now being considered, was perfected. This appeal was taken from the judgment of the court finally disposing of the issues between defendant and the four major petitioners.

Defendant's counsel, in brief, acquiesces in the lower court's judgment annulling the tax sale to Frierson Company, Limited, on account of the defects in the description therein, stating that it was impossible to locate and identify said property from that description, and asks us to affirm the judgment in all respects. This leaves for determination the questions whether defendant is a possessor in good or bad faith, and his right to reimbursement for the value of the useful improvements placed on the land by him and taxes paid by him.

The land in question was not occupied from 1920 until defendant moved on it in December, 1927. About fifteen acres of it had been cleared, one-half of which had not been cultivated for some fifteen years and the other half for six or seven years before defendant purchased it. Some ten acres of the tract had not been cleared and carried virgin timber at that date. The land is located in the hilly section of the country and the cleared portion had grown up in pine saplings. When defendant took deed to it the small dwelling thereon had fallen from its blocks, the window lights were out and the roof had to be recovered. These conditions were remedied and the house made habitable for defendant and his wife. He purchased fence wire and inclosed the land, cleared the entire 27 acres, cultivated it, erected a very good residence thereon, barn, garage, etc., and in all respects had converted the place into an attractive little farm when this suit was filed.

"The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which, in fact, belongs to another." Civ. Code, art. 3451.

"The possessor in bad faith is he who possesses as master, but who assumes this quality, when he well knows that he has no title to the thing, or that his title is vicious and defective." Civ. Code, art. 3452.

Many scores of cases could be cited wherein the good faith or bad faith of the claimant of property has been made an issue and has been passed on by the courts. There is no set rule for determination of the question. The facts in each case must be considered and the codal provisions applied.

It has been held in numerous cases that the purchaser of property at tax sale, who goes into possession, holds in good faith, even though, by judicial proceedings, the sale is decreed to be null and void for irregularities or defects in the assessment and/or sale of the property. A fortiori, one who acquires from such a possessor would be in good faith.

In Wederstrandt et al. v. Freyhan, 34 La. Ann. 705, the court held the tax purchaser to be in good faith, though the tax sale was decreed to be an absolute nullity, and he was allowed to recover the value of his improvements.

In the following cases the tax purchasers were held to be possessors in good faith: Davenport v. Knox, 35 La. Ann. 486; Hickman v. Dawson, 35 La. Ann. 1086; Stafford, Ex., v. Twitchell, 33 La. Ann. 520.

"The good faith necessary to enable a claimant under a tax title to plead prescription is simply that he shall not have acquired the property mala fide. Where the tax-deed is valid in form and there is no defect stamped on its face and the sale has

been made by the proper officer, the purchaser is a possessor in good faith." Giddens v. Mobley, 37 La. Ann. 417.

The law does not require, as a condition precedent to good faith, that one contemplating the acquisition of real property should have a close examination of the title made by an attorney or other person skilled in such matters. His faith in the sufficiency of the title he acquires is the main thing.

"A possessor cannot be deprived of pleading prescription because he might, by inquiry and careful examination, discover that his vendor had no title." Pattison v. Maloney, 38 La. Ann. 885; Giddens v. Mobley, 37 La. Ann. 417; Montgomery v. Whitfield, 41 La. Ann. 654, 6 So. 224.

The deed to defendant is regular on its face; the title to the land is warranted to be good and valid, and the price paid is not questioned as being below the true value of the property when sold. Regardless of the defects in the tax deed to defendant's author, which are not patent on its face, defendant has the right to stand upon the deed to him and predicate his good faith upon that act and his own belief that he was acquiring a good title to the property from one he believed to be the true owner thereof.

The rights which are peculiar to the possessor in good faith are:

"1. The right which such a possessor has to gather for his benefit the fruits of the thing, until it is claimed by the owner, without being bound to account for them, except from the time of the claim for restitution.

"2. The right which such a possessor has, in case of eviction from the thing reclaimed, to retain it until he is reimbursed the expenses he may have incurred on it." Civ. Code, art. 3453.

The possessor in good faith, under the above-quoted article, owes no rent on the property prior to demand made on him for restitution of the fruits, and is entitled to hold possession until he has been reimbursed the expenses incurred by him in improving it. Iatt Lumber Co. v. Faircloth, 132 La. 906, 61 So. 866; Fletcher v. Cavelier, 10 La. 116. He has the right to retain possession without payment of rent. Kibbe v. Campbell, 34 La. Ann. 1163. "Evicted possessor in good faith is entitled to value of his useful improvements; that is, cost of materials and workmanship." Roussel v. Railways Realty Co., 165 La. 539, 115 So. 742, 743.

Plaintiffs contend that defendant is only entitled to recover, in case he is decreed to be a possessor in good faith, the enhanced value of the land by virtue of the useful improvements placed thereon by him, and argue that as he paid $357.50 for the land, before being improved, and the value thereof at date of suit is admitted to be $675, that the difference in these two amounts represents the enhanced value of the land. We do not agree with this reasoning. Paragraph 11 of plaintiff's petition reads: "Your petitioners further show that the said property is worth twenty five dollars ($25.00) per acre, or a total value of six hundred and seventy five dollars ($675.00)."

This article of the petition is admitted by defendant. It seems clear to us that the reference to "said property" as being worth so much per acre is directed to the land itself and not to the land with the improvements thereon. In article 1 of the petition plaintiffs set up ownership of the tract of twenty-seven acres involved in this suit, but do not mention improvements or other rights attached to the land. Therefore, the reference to "said land" relates back to this first article of the petition describing the tract of land. It might also be said that the land could have increased in value from $357.-50 to $675 from local market conditions.

The question of the enhanced value of the land on account of the improvements placed thereon by defendant was first raised by plaintiffs in brief. There is no evidence on the question in the record. The testimony was confined to the cost of the improvements.

In Durbridge v. Crowley et al., 44 La. Ann. 74, 10 So. 402, 403, it was held: "There being no proof of enhanced value of the property resulting from defendants' expenditures thereon beyond the amount of the expenditures themselves, the allowance in their favor of the expenditures satisfies their right." The same holding was made in Roussel v. Railways Realty Co., 165 La. 536, 115 So. 742.

The record contains considerable testimony against and in support of defendant's claims for reimbursement for improvements placed on the land. We are convinced this testimony clearly preponderates in favor of the contentions of defendant, disclosed in his petition, and adopted by the trial judge. The two largest of these items are for the new residence, costing at least $600, and for clearing the land, $157.50. The cost of erecting the house is established beyond any serious dispute. The cost of clearing the land averages nearly $5.50 per acre, which is reasonable. The other items range in amount from $52.50 to $10 and are not seriously challenged.

Taxes on the land for the years 1924, 1925, 1926, and 1927 were paid by the Frierson Company, Limited, before sale to defendant. The lower court gave defendant judgment for those amounts (aggregating $44.25), but we do not think defendant has any interest in those payments. True it is that in

section 11, art. 10, of the Constitution 1921, it is provided: "No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser."

However, we think this provision only applies to a case where the original tax purchaser is a party to the suit. We cannot see wherein the vendee of the tax purchaser, without special subrogation, should have the right to recover such amounts with penalties, when, as a matter of fact, the payments were made long prior to the incipiency of his interest in the property. Durbridge v. Crowley, 44 La. Ann. 74, 10 So. 402. He is entitled to recover taxes of the years 1928 and 1929 paid by him.

For the reasons herein assigned, the judgment of the lower court is amended by decreasing the amount defendant is entitled to recover of plaintiffs for taxes paid on the property in controversy from two-thirds of $68.41 to two-thirds of $24.16, being taxes of the years 1928 and 1929, with 10 per cent. per annum interest thereon from date of respective payments, and, as thus amended, said judgment is affirmed.