# DESONIER et al. v. HEBERT.

No. 1765.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

H. M. Ansley, of New Orleans, for appellants.

Rene H. Himel, of Franklin, for appellee.

DORE, Judge.

This is a petitory action in which plaintiffs seek to be recognized as owners and put in possession of 97/100 of an acre of land in the town of Sorrell, St. Mary parish. Plaintiffs claimed ownership of said land as heirs of Mrs. Ursule Gagneaux, widow of L. C. Desonier, by virtue of a judgment rendered in the succession of said Mrs. Ursule Gagneaux, in which plaintiffs, together with Mrs. Alice Desonier Boudreaux, were recognized as heirs of said deceased, and put in possession of said property. The deceased died in 1917, but the judgment aforesaid was not rendered until December, 1936.

The defendant filed a plea of ten-year prescription based on a title translative of property from Mrs. Alice Desonier Boudreaux, dated April 26, 1923, coupled with continuous, open, and uninterrupted possession of the property since his acquisition. Defendant also made certain alternative defenses which are not necessary to consider. The plea of prescription was sustained, and the suit dismissed. Plaintiffs have appealed. The only question presented on appeal is the plea of prescription.

Mrs. Gagneaux acquired the property in dispute, together with other property, in the year 1900 in an act of partition between herself and her divorced husband, L. C. Desonier. In 1916, she transferred to her daughter, said Mrs. Alice Desonier Boudreaux, certain lands, in consideration for past services rendered, and future services to be rendered, by this daughter in taking care of said Mrs. Gagneaux. However, it appears that the property here in

dispute was not included in the aforesaid *transfer to* Mrs. Boudreaux. *It follows that* the disputed property remained in the succession of Mrs. Gagneaux and belonged to her heirs. No actual possession was exercised or claims of ownership made to this piece of property by plaintiffs, as it appears that plaintiffs, as well as Mrs. Alice Desonier Boudreaux, thought that this property had been transferred to Mrs. Boudreaux, their coheir, along with the other property mentioned above.

It appears that there was an old house on the property and an old fence around it before defendant acquired a title to the property from Mrs. Boudreaux, in 1923; it further appears that prior to defendant's acquisition that Mrs. Boudreaux disposed of this old house for her benefit without protest from the plaintiffs. Shortly after acquiring title to the property, defendant built a new fence around the property, erected some cowsheds thereon, and has continuously used the property since that time for grazing, feeding, and housing his cattle. The property is just in the rear of defendant's residence. Defendant has also paid taxes on the property since acquiring the title from Mrs. Boudreaux.

Plaintiffs question both the title under which defendant claims and the good faith of his possession. The sufficiency of the title is questioned for the reason that the deed was signed out of the office of the notary contrary to the provisions of section 2494 of the Revised Statutes, and for the further reason that the deed was signed at different times by the parties and witnesses and not in the presence of one another. The title is further attacked for the reason that, at the time of the sale of the property to defendant by Mrs. Boudreaux she was not the owner of the property, and therefore the sale was null and without effect under article 2452 of the Civil Code.

The *title to defendant* was executed at the home of Mrs. Boudreaux. The title is regular on its face, and no pretense is made that it was not actually signed by the parties, the witnesses, and the notary. The fact that the title does not state the reason why it was executed out of the office of the notary could in no wise affect its validity, as section 2494 of the Revised Statutes permits an act to be executed out of the notary's office for sufficient cause, and it must be presumed that there was sufficient cause for doing so in this case. *The section is only directory.*

The deed, being signed by all the parties thereto, and regular on its face, was sufficient to transfer full ownership of the property, had Mrs. Boudreaux been the owner at the time. This title was sufficient as to form to serve as the basis of the ten-year prescription under articles 3483 to 3486 of the Civil Code. There is no defect in the title on its face, and therefore defendant's possession is based on an apparently good title which is sufficient. Clayton v. Rickerson, 160 La. 771, 107 So. 569.

The contention that the title of defendant cannot serve as a basis of prescription because defendant's vendor, Mrs. Boudreaux, was not the owner of the property, is without merit, as the articles of the Civil Code, 3451, 3484, and 3485 specifically provide that the vendee need not acquire from the true owner, for in that case no prescription would be necessary. It is only necessary that the vendee acquire from one whom he honestly believes to be the owner, and by a title that is translative of property. See Clayton v. Rickerson, supra.

Plaintiffs further contend that defendant was not in good faith when he acquired the property from Mrs. Boudreaux, for the reason that, had he examined the public records of the parish, he would have ascertained that his vendor did not own the property. This contention also is without merit. It is now too well settled to require citation of authority that a vendee, to be in good faith, is not required to examine the public records in order to ascertain if his vendor is the real owner of the property. It is only necessary that the vendee have just reasons to believe, and does believe, that his vendor is the owner of the property. See Giddens v. Mobley, 37 La.Ann. 417; C.C. arts. 3451 and 3452. In the case at bar the evidence is overwhelmingly to the effect that defendant had just reasons to believe, and did believe, that Mrs. Boudreaux was the owner of the property. Plaintiff Alcide M. Desonier admits that he himself believed his sister to be the owner of the property prior to her sale to defendant and was surprised to find out otherwise.

Defendant has a title which accurately describes the property, and he has had actual, open, peaceable, and uninter-

rupted possession of the property for more than ten years. His possession has been in good faith as owner, and, under articles 3478 and 3479 of the Civil Code, defendant has become the owner of the property.

For these reasons, the judgment appealed from is affirmed, at the cost of appellant.