### CHACHERE v. MOSES GEORGE & SON et al.
### No. 1564.

Court of Appeal of Louisiana. First Circuit.

Jan. 28, 1936.

Harris Gagne, of Houma, for appellants.

Adrian J. Caillouet, of Houma, for appellee.

DORE, Judge.

The plaintiff instituted an action to recover certain store fixtures described as being three floor cases and two wall cases, with mirror sections, which, he alleges, are being illegally detained by the defendants in their jewelry store in the city of Houma. He alleges the value of the same to be the sum of $350, and claims damages by reason of the illegal detention of his property by defendants to the extent of $150, and a continued illegal detention of the said property at the rate of $10 per day for each additional day that he persists.

There was filed an intervention in these proceedings on behalf of Mr. Liney J. Rhodis, claiming a privilege on the property sought to be adjudicated to the plaintiff. This intervention was dismissed, and no appeal has been taken therefrom, and now we are not concerned with this phase of the case. After the dismissal of the intervention, the defendants appeared and filed a pleading, which we note to be styled as an answer, but which reads as follows:

"Into Court come the defendants and show to the Court that they have been in undisturbed possession of the property described in plaintiff's petition for more than three years.

"Wherefore, defendants pray to be hence dismissed at plaintiff's costs."

This plea is verified under oath by one of the defendants. The plea does not state in what capacity the defendants claim to have been in possession for three years, whereas, in order to avail themselves of the prescription claimed, it was necessary that they should have claimed to have been in possession as owners.

On such appearance only being made by the defendants, counsel for plaintiff then

submitted a motion to the court praying for a judgment on the face of the papers according to the pleading act of the state of Louisiana. The lower court granted the judgment as prayed for, condemning the defendants in damages for the sum of $150 accrued up to the time of filing of the suit, and $10 per day for each additional day subsequent thereto until delivery of the property. It is from such judgment that this appeal was taken.

The first contention made by counsel for defendants is that the pleading was merely a plea of prescription and therefore could not be taken into consideration on the issue of the damages claimed by the plaintiff. It is not what a thing is termed or called that makes it such, but it should be classed as what it contends. It is not what a pleader styles as pleaded which governs the pleadings, but it is what is averred in the pleadings. The plea in this case has the very wording that is used for plea of prescription. In such pleadings of this kind and character, evidence generally has to be introduced. It is not a plea of prescription which can be submitted on the face of the papers, and a litigant in his discretion has a right to file such a plea at any time demanding that evidence be taken thereon. The fact that it was erroneously pleaded in that it failed to state that defendants claimed that they were in possession as owner does not detract from what appears to have been their intention to urge it as a valid three-year plea of possession, and, therefore, entitled to the property by virtue of the prescription provided for under such a period of time.

The second contention made by defendants relative to the equities in the case, we believe should meet with serious consideration. His contention is that, in the event we should consider his purported plea of prescription to be an answer, then and in that event he has not admitted the allegations of plaintiff's amounts of damages which he claims to have sustained.

The plaintiff's allegations on the question of damages are as follows:

"Par. 5: That by reason of such illegal detention of petitioner's said property by said partnership, petitioner has already been damaged to the extent of One Hundred and Fifty ($150.00) Dollars.

"Par. 6: That the continued illegal detention of said movable property by the said partnership, over the protests of petitioner, and despite his demands for the surrender thereof, and his consequent deprivation of the use and enjoyment of said property will damage petitioner to the extent of no less than Ten ($10.00) Dollars per day for each additional day that such illegal detention persists."

These allegations, as will be seen, are of the most general nature. Plaintiff fails to state the manner by which he has been damaged to that extent as alleged in paragraph 5, and in what way he will be damaged at the rate of $10 per day for each additional day. As we construe these allegations heretofore quoted, they are merely a violation of his legal or property rights and would be in the nature of punitive more than actual damages. We believe that the defendant's contention to the effect that he has not admitted these allegations to be such by his purported plea of prescription to be well founded. We cannot stretch our imagination wherein this plaintiff could have suffered damages in the sum of $10 per day, in that he does not allege the manner by which he was damaged by the detention of his property. We cannot stretch our imagination how he has "already been damaged to the extent of $150.00." He states no facts, but merely a conclusion of his pleadings, and conclusions of law are not to be denied or admitted, and he is merely basing his claim of damages on conclusions of law only and not on facts. Again we state that he alleged nothing except a demand of the most general character.

The question seems to us to resolve itself into one as to whether there were any actual damages suffered by this plaintiff; if there were, then he had to allege them and not rely on the mere general allegations such as are quoted above. It would have been better practice for the plaintiff to have had this plea of prescription passed upon by the lower court and then the case to be tried on the merits.

For these reasons, it is ordered, adjudged, and decreed that the judgment herein appealed from be reversed and remanded to the lower court for further proceedings consistent with our views—the plaintiff to pay the cost of this appeal; all other costs to abide by the final decision of the case.