LOTTINGER, Judge.
Petitioner filed suit for alleged defects in a house which petitioner purchased from the defendants. Petitioner seeks judgment in the amount of $1116.39 which is the amount required to remedy the defects. The defendants filed exceptions of no right or cause of action, in which they alleged that, by authentic act dated May 8, 1956, the parties compromised on defects or shortcomings in the house. Upon trial of the exception, the said compromise agreement was introduced into evidence. The petitioner then sought to introduce .evidence on the exceptions, but was denied same by the Lower Court. The Lower Court rendered judgment in favor of the defendant maintaining the exceptions. The petitioner has appealed.
The record shows that no mention whatsoever is made in the petition of the so-called compromise. As the compromise was an authentic act, no testimony was required to introduce it below upon hearing on the exceptions. The plaintiff claims that the Lower Court erred in three respects:
(1)
A compromise cannot be raised by exception of no cause and no right of action, but must be set out by way of the defense in answer.
(2)
. By introducing the compromise agreement in evidence, the defendants waived any objections they may have had to the introduction of evidence in rebuttal.
(3)
Compromise agreements only regulate what was fairly intended by the parties and the necessary consequence thereof.
The compromise introduced into evidence by defendant contains the following language :
“Said appearers do further declare that in consideration of this payment and these presents, which satisfies their complaints, that they do hereby accept the said residence as now complying *272 with the specifications and waive any and all claims whatsoever as to non compliance of the building’ specifications in the erection of said residence located on said property above described and which was purchased by them from the said Land O’Lakes Developers, and do hereby grant full release, discharge, and acquittance unto the said Land O’Lakes Developers and Pollman Homes of Louisiana, Inc., and appearers do further declare that they do hereby notify the Administrator of the Veterans Affairs, by virtue of this act of release, that they have accepted the residence above described and that they hereby acknowledge conformity as a result of this settlement with the plans and specifications in the erection of the residence above described; that they are satisfied with same, that no further complaints will be made to the Administrator of the Veterans Affairs, and that this settlement is made in full compromise of any and all claims that may have existed.”
The defense claims that the act of compromise was a full and complete release of any and all claims which the petitioner may have had against the defendant, and further claims that an act of compromise cannot be collaterally attacked.
In his brief, the petitioner alleges that the defects now sued upon were not apparent at the time of entering the compromise, and that it was not the intention of the parties to include said defects in the act of compromise.
We feel that the exception filed by the defendant, although labeled an “Exception of No Cause or Right of Action,” was actually an exception of res adjudicata. The contract of compromise is specifically pleaded in the exception. We feel that the failure of defendant to title his exception as that of res adjudicata does not matter because as was stated by Judge Dore in Chachere v. Moses George & Son, La.App., 165 So. 522, 523: “It is not what a thing is termed or called that makes it such, but it should be classed as to what it contends. It is not what a pleader styles as pleaded which governs the pleadings, but it is what is averred in the pleadings.”
In Beck v. Continental Casualty Company, La.App., 145 So. 810, 811: a similar situation was presented to the Court. In that case although the compromise was not mentioned in the petition, the compromise was raised by the defendant by an exception of res adjudicata. The Court reversed the decision of the Lower Court and sustained the exception, saying: “The law in its wisdom, and out of a solicitude to end or avert threatened litigation, encourages the settlement of disputes by compromise, and does not sanction the solemn acts of contending parties settling their disagreements being lightly brushed aside, unless there be present evidence of bad faith, error, fraud, etc. If such were not the law, there would be little incentive to any one to part with anything of value in the desire to escape the harassments of litigation. A compromise agreement, when freely entered into, is in-tented to have the binding effect of the thing adjudged. The law has ordained that such transactions have the dignity and force of a definitive judgment, in so far as definitely and irrevocably fixing the rights and liabilities of the parties thereto, as relates to the subject-matter dealt with. It is simply the act of the parties determining their own liabilities and obligations, instead of the court.”
In Wholesale Distributing Company v. Warren, La.App., 84 So.2d 250, 251, the Court was presented with a compromise covering the purchase price of television sets delivered by petitioner to defendant. Although the compromise was mentioned in the petition, the petitioner claimed that he did not know of the delivery of additional sets to defendant prior to compromise, and had he so known he would not have compromised for the sum stated. The defendant filed exception of no cause or no right of action. The Lower Court sustained the exceptions. In affirming the de *273 cisions of the Lower Court, the appellate court citing LSA-Civil Code, Articles 3071 and 3078 stated:
“The action of the trial court was predicated upon the proposition that plaintiff has no cause or right of action to recover for the purchase price of merchandise covered and included in the compromise settlement so long as the compromise agreement is not set aside and remains in force. With this we are in full accord. * * *
“And, where a compromise settlement, such as involved here, is not an absolute nullity, it can not be attacked collaterally, and a direct action is necessary to set it aside since the Codal provision above quoted gives to it the same force and attributes of a judgment of court. Succession of Rouse, 144 La. 143, 154, 80 So. 229; Chapin v. Federal Transp. Co., La.App., 70 So.2d 189; C.P. arts. 607, 610.”
The compromise which was introduced by defendant was an authentic act executed by the parties to this proceeding. The property covered in the said act of compromise is the same property which is involved in this proceeding. Petitioner claims however that the defects which he now sues upon were not known at the time of the compromise, and there was no intention of the parties to enter into a compromise as to said defects. Unfortunately the wording of the compromise is couched in broad language which appears to cover any and all defects that may have existed in the premises.
We feel that under the clearer wording of Articles 3071 and 3078 of the LSA — Civil Code that the petitioner’s action must fail. The jurisprudence and law is clear to the effect that an act of compromise cannot be attacked collaterally, unless said compromise is an absolute nullity. The absolute nullity of a contract is shown' from the face of the instrument, and there is nothing whatsoever to indicate any nullity of the compromise filed herein.
As to plaintiffs claim that he should have been allowed to introduce testimony to offset the compromise we can conceive of no such testimony which would have been admissible into evidence. Certainly he could not have taken testimony to contradict his written contract, or to show the intent of the parties when said intent was clearly set forth in the document itself.
For the reasons assigned, the judgment of the Lower Court will be affirmed. All costs to be paid by petitioner.
Judgment affirmed.