CULPEPPER, Judge.
This appeal is from a judgment dismissing plaintiff’s suit on exceptions of lis pendens and prematurity.
The record shows that this action was brought by Roberta Reid as Curatrix of John West, an interdict, against the defendants, Crain Brothers and their insurers, United States Fidelity & Guaranty Company, Clegg-Hunt Drilling Company, and their insurer, Pacific Indemnity Company,, as well as against Home Insurance Company and American Motorists Insurance Company who are alleged to be the insurers of one Lee Nunez, who is not named as a party defendant. The suit is based upon a claim arising out of a maritime personal injury and seeks relief under the provisions, of 46 U.S.C.A. § 688, known as the Jones. Act, and under the general maritime law.
Prior to the filing of this action, Lee-Nunez, the owner of the vessel upon which, John West was employed and injured, had filed a limitation of liability proceeding in, the United States District Court for the Western District of Louisiana seeking to-limit his liability to the value of his vessel,. True Friend II. In the limitation of liability proceedings there was issued a restraining order signed on December 11, 1958, by Judge Edwin F. Hunter, Jr., pursuant to. Admiralty Rule 51 of the United States Supreme Court, 28 U.S.C.A. The pertinent portions of this restraining order read as> follows:
*919 “Ordered that the prosecution of any and all actions, suits and proceedings already begun to recover for damages sustained on the voyage aforesaid and the commencement of prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceeding against the petitioner or against the workboat True Friend II, in respect to any claim or claims arising out of the aforesaid voyage of the True Friend II as set forth in the petition herein be and the same hereby are stayed and restrained until the hearing or determination of this proceedings.”
The instant action was filed in the state court on February 16, 1959 and, although it did not name as a defendant the owner of the vessel, Lee Nunez, it did include among the defendants, the insurers of Lee Nunez and the vessel, True Friend II, pursuant to the provisions of the La. Direct Action Statute. Various exceptions were filed by all of the defendants and after hearing the lower court rendered judgment sustaining what it denominated as “The Exceptions of Lis Pendens and Prematurity” and dismissing plaintiff’s suit as to all defendants.
There is very little, if any, dispute that the case of Maryland Casualty Company et al. v. Cushing et al., 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1953) presents a factual situation almost identical to the instant case. There the representatives of deceased seamen endeavored to bring direct actions, under La. Revised Statute 22:655, LSA, against the insurer of an individual who had instituted a proceeding for limitation of liability in Federal Court. The United States Supreme Court held that to allow such a direct action, during the pend-ency of the limitation action, would thwart the objectives of the limitation proceedings and would be “A disturbing intrusion by a state on the harmony and uniformity of one aspect of maritime law.” The Court then held that the proceedings in state court “must be continued until after the completion of the limitation proceedings.”
Plaintiff’s first argument is that neither lis pendens nor prematurity are the proper exceptions. Plaintiff argues that if any remedy is available, it is a motion to stay proceedings until the Federal Court has determined the rights of the parties in the pending limitation of liability proceedings. Plaintiff calls to our attention the well-established jurisprudence of this state that the exception of lis pendens will not be applied unless the other suit is pending in a Louisiana court and that such an exception does not apply when the other action is pending, either in a Federal Court or in a court of another state or foreign country. See Ferriday v. Middlesex Banking Company, 118 La. 770, 43 So. 403; Iatt Lumber Company v. Faircloth, 132 La. 906, 61 So. 866; Lorio v. Gladney, 147 La. 930, 86 So. 365; Authorities cited in Hope v. Madison, 191 La. 1075, 187 So. 28.
In answer to this argument, defendants contend that the denomination of this exception as “lis pendens” was not “intended as words of art in the presentation of the defendant’s motion below. They were simply used as being descriptive of a remedy based on a factual situation which clearly met, among others, paragraph 2 of Art. 335. (Code of Practice) It was on that basis that the motion was sustained.” We note that Code of Practice, Art. 335, which Code was in effect at the time of the ruling of the lower court, sets forth the two kinds of declinatory exceptions and reads as follows:
C.P. 335-“Kinds of declinatory exceptions. — There are two kinds of de-clinatory exceptions:
“1. When the exception is taken to the competency of the judge, pursuant to the rules above provided.
“2. When it arises from the facts of another suit being pending, between the same parties, for the same object, and growing out of the same cause of action, before another court of concurrent jurisdiction.
*920 “In both cases the suit must be dismissed, and the plaintiff decreed to pay-costs.”
The defendants argue further that the new LSA-Code of Civil Procedure, Art. 532, has extended the rule of Ferriday v. Middlesex Banking Company, supra (where the state court granted a motion to stay, pending proceedings in rem in Federal Court which had already taken jurisdiction of the res), to apply to actions in persona, as well as actions in rem, and argues that therefore under the Code of Civil Procedure the exception of lis pendens is proper and plaintiff’s suit must be dismissed. Defendants also argue that since this is a procedural rule, it should be given retrospective effect so as to cure any defect in defendant’s position which might have existed previous to the adoption of the new La. Code of Civil Procedure.
It is our view that neither plaintiff nor defendants are wholly correct in their contentions. We note from the record that actually the defendants did not denominate this particular exception as “lis pendens”, but simply stated that they filed it along with their other dilatory exceptions at one and the same time. The grounds of the exception are set forth as follows:
“That in the United States District Court in and for the Western District of the State of Louisiana, there is presently pending a matter entitled ‘In the Matter of: Lee Nunez, a resident of Cameron Parish, State of Louisiana, owner of True Friend II, praying for Exoneration from or Limitation of Liability’, No. 7260 in Admiralty of the docket of said Court, and that the parties to the said limitation proceeding are the plaintiff herein and Lee Nunez, the insured of exceptor up to the maximum limits of that certain policy of insurance effective from noon June 25, 1956 to noon June 25, 1957 bearing Policy Number 447317 of your exceptor.
“2.
“That the said proceeding involves the same alleged cause of action as that pleaded herein by the plaintiff, and bars the said plaintiff from proceeding herein under the provisions of Sections 4281, 4282, 4284, 4285, and 4286 of the Revised Statutes of the United States (46 U.S.C.A. 181-186) and the holding in the case of Maryland Casualty Company, et al. v. Gertrude Picard Cushing et al., 347 U.S. 409, 98 L.Ed. 806, 74 S. Ct. 608 (1953).
“3
“That exceptor specially pleads the pendency of the said action as a bar to the instant suit.
“Wherefore, exceptor prays that this exception be maintained and that accordingly, plaintiff be barred from proceeding herein during the pendency of the said limitation proceeding.”
“Exceptor further prays for all general and equitable relief.”
Under the holding in Maryland Casualty Company, et al. v. Cushing, supra, the defendants clearly had a right to request that the proceedings in the state court be continued during the pendency of the limitation proceedings in the Federal Court. To accomplish this purpose they have filed what they actually denominate as a dilatory exception, alleging the pendency of the limitation proceedings and praying that in the state court the “plaintiff be barred from proceeding herein during the pendency of the said limitation proceeding.” Our view is that either under the Code of Practice or the new Code of Civil Procedure this exception suffices as a dilatory exception. Code of Practice Article 332 defines dilatory exceptions as those which “do not tend to defeat the action, but only to retard its progress;” while Art. 923 of the Code of Civil Procedure, LSA, states that “the dilatory exception merely retards the progress of the action.” The exception under consideration in the instant case clearly falls *921 within these definitions. Defendants have set forth proper grounds for the continuance of the action in state court during the pend-ency of the limitation proceedings in Federal Court and they have prayed that further proceedings in the state court be barred. In this particular exception they have not prayed that plaintiff’s suit be dismissed, but simply pray that its progress be retarded.
The fact that the lower court, in its judgment, referred to this particular exception as one of “lis pendens” is of no consequence here. Even if defendants had denominated this exception as one of lis pendens (a declinatory exception under both the old and the new codes) it would not alter the fact that it is actually dilatory in nature. In the case of Chachere v. Moses George and Son, La.App., 165 So. 522, 523, Judge Dore, as the organ of the court, stated “it is not what a thing is termed or called that makes it such, but it should be classed as what it contends. It is not what a pleador styles as pleaded which governs the pleadings, but it is what is averred in the pleadings.” See also Tschirge v. Land-O-Lakes Developers, La. App., 98 So.2d 270.
It is therefore our conclusion that this particular exception is dilatory in nature and that it must be sustained, but it is grounds only for the continuance and not the dismissal of plaintiff’s suit.
Addressing ourselves next to the so-called “plea of prematurity”, we find that this particular exception, though not actually denominated as an exception of prematurity in the pleadings, alleges the pendency of the limitation proceedings, in Federal Court and states that the action in the state court “is premature until the final determination of the subject limitation proceeding.” The exceptors then pray that judgment be rendered dismissing plaintiff’s suit at her cost. Defendants cite Code of Practice Art. 158 which states “when the demand is premature, that is to say, when the action has been brought before the debt had become due, the suit must be dismissed”, and states further that the same rule applies “if the obligation be conditional, and its execution be demanded before the condition has been fulfilled.” Defendants point out that the new LSA-Code of Civil Procedure, Art. 423, is substantially the same as Code of Practice, Art. 158. Defendants argue that in the instant case the Federal Court order, which was imposed upon the plaintiff restraining her from bringing the present action, constitutes a suspensive condition which causes this action to be premature until after the said restraining order has been recalled by the Federal Court. Defendants cite no authority for this position and it is our opinion that the argument has no merit. A similar contention was made in the case of Central Improvement & Contracting Co. v. Grasser Contracting Co. et al., 119 La. 263,44 So. 10, in which the court held that such a situation might entitle the defendant to a stay of proceedings, but would not be grounds for dismissal of plaintiff’s suit as being premature. In our opinion, the instant action for personal injuries under the Jones Act became mature and actionable immediately after the injuries were received.
The basic law which is controlling in the instant situation is the holding of the United States Supreme Court in Maryland Casualty Co. et al. v. Cushing, supra, where in an identical factual situation the court held that the direct action in the state court must be continued. The court did not require that the state court action be dismissed. Defendants have cited no statute or jurisprudence holding that the state court in the instant situation must do any more than continue the case until after completion of the limitation proceedings in Federal Court. (It is noted that LSA-Code of Civil Procedure Art. 532 which now covers these situations gives the trial judge the discretion to “stay all proceedings” in the state court until the case in Federal Court has been completed, but it does not provide for dismissal of the state action.) It may be that the plaintiff has violated the aforemen *922 tioned restraining order, bút that is not the concern of the state court nor enforceable by it.
For the reasons set forth above, the judgment appealed from is reversed insofar as it sustained the exception of prematurity and insofar as it dismissed plaintiff’s suit. The lower court judgment is amended so as to denominate as dilatory the exception which the trial judge referred to as “lis pendens” and the said dilatory exception is sustained. All proceedings herein are stayed until after the discontinuance or completion of the above-described limitation proceedings pending in the Federal Court. This case is remanded to the district court for further proceedings in accordance herewith. All costs incurred in the lower court, as well as the costs incident to this appeal, are assessed against the defendants.
Reversed in part, affirmed in part, amended and remanded.