HALL, Judge
(dissenting):
It is my opinion that the writs granted in this case should be made absolute and the order of the district court staying proceedings should be set aside.
The authority for staying proceedings where a suit is filed in state court while another suit is pending in federal court or the court of another state is Article 532 of the Code of Civil Procedure, which provides :
“When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same cause of action, between the same parties in the same capacities, and having the same object, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.”
The instant case does not fall within the requirements of this Article for two reasons :
(1) The federal court suit was not filed first and was not pending when the state court suit was filed.
(2) The state court suit involves causes of action, parties and objects in addition to those involved in the federal court suit.
Discussing the first reason, it is to be noted that Official Revision Comment (c) under Article 532 states:
“This article applies only where the suit in the foreign jurisdiction or in the federal court is filed first. To extend the provisions of the article to cases where the Louisiana action has been filed first would require the Louisiana courts to abdicate their judicatory power.”
Comment (b) states that the object of this Article is to curtail as far as practical the practice of filing the same action in both the Louisiana court and a federal court, and prosecuting to final judgment the proceeding in which plaintiff feels he has the best chance of succeeding. To some extent this is what we have here. However, note the Caveat which appears prior to Article 531 in which Professor McMahon states that Article 532 will not accomplish its purpose of preventing the harassment of a defendant through the simultaneous prosecution of identical suits in the state and federal courts unless the United States district courts in Louisiana cooperate by adopting a reciprocal rule. In other words, what Professor McMahon is saying is that there needs to be a similar rule in federal court so that where the state court suit is filed first the federal *614 court can stay proceedings in the federal court suit.
Here the state court suit was, in fact, filed first, although on the same day as the federal court suit. Even if we accept the reasoning that Louisiana law does not take into account fractions of a day and that the suits were filed simultaneously, it is still a fact that the federal court suit was not filed “first” and Article 532 does not apply. In my opinion, however, there is no legal basis for disregarding the fact that the state court suit was, in fact, filed first. In Landry v. Landry, 192 So.2d 237 (La. App.4th Cir. 1966), the court in considering an exception of lis pendens held that a suit filed by the husband on a legal holiday was considered filed as of the opening hour of the clerk’s office the next day and was, therefore the “first suit” in opposition to a suit filed later in the same day by the wife.
In all of the cases cited by defendants where a stay order was granted, the federal court suit was filed first and was pending at the time the state court suit was filed.
Discussing the second reason why this case does not fall within the provisions of Article 532, the state court proceeding includes causes of action, parties and objects not involved in the federal court suit and over which the federal court would have no jurisdiction. A judgment in the federal court suit would not be res judicata as to some of the issues and some of the parties involved in the state court suit. This is the test frequently applied in determining whether an exception of lis pendens under Article 531 is proper. Article 532 providing for a stay of proceedings is identical to Article 531 providing 'for dismissal, except Article 532 deals with prior suits pending in federal court and courts of other states whereas Article 531 deals with prior suits pending in the same or other courts of this state.
The state court suit was brought by Mrs. Goldblum as executrix of the Succession of Dr. Woolhandler against Dr. C. E. Boyd, Doctors’ Hospital, Incorporated, the four remaining trustees under a voting trust agreement, and thirty-one individuals who entered into the voting trust agreement and/or a separate shareholders’ agreement. The suit seeks (1) to rescind the voting trust agreement on the grounds that (a) it violates the federal Securities Act of 1933, (b) it violates the Louisiana Blue Sky Law, (c) it fails to comply with the Louisiana Business Corporation Law, and (d) the provisions of the agreement have not been followed; (2) to set aside a first refusal agreement between Dr. Woolhandler and Dr. Boyd for lack of serious consideration and as an illegal restraint on alienation of property; (3) to annul a shareholders’ agreement for lack of serious consideration and as an illegal restraint on alienation of property; and, alternatively (4) to declare the shares of stock inherited by the Wool-handler children as being unaffected by any of the agreements because of lack of authority by Dr. Woolhandler to encumber their stock.
The federal court action was brought by Mrs. Goldblum as a class action on behalf of the shareholders of Doctors’ Hospital, Incorporated against the four trustees under the voting trust agreement. The action seeks a judgment declaring the voting trust agreement to be unenforceable for failure to comply with the Securities Act of 1933.
Although the primary relief sought in both suits may be to declare the voting trust agreement unenforceable as violative of the federal Securities Act, the state court suit involves other causes of action and seeks other relief of real substance. Any judgment rendered in the federal court suit will not dispose of these additional issues which will ultimately have to be tried in state court.
The cases cited by defendants are not applicable. In Ferriday v. Middlesex Banking Co., 118 La. 770, 43 So. 403 (1907), decided long before adoption of Article 532, a subsequent state court suit *615 was stayed as a matter of comity where the res (realty) was within the jurisdiction of the federal court having first become seized with jurisdiction. Judgment had already been rendered in the federal court suit, although it was not yet final.
In Transamerica Ins. Co. v. Whitney National Bank, 251 La. 800, 206 So.2d 500 (1968), the parties, causes of action and objects were identical. Also the federal court suit was filed first. In Reid v. Crain Brothers, 134 So.2d 917 (La.App.3d Cir. 1961), plaintiff was barred from proceeding with his state court suit under a specific federal statute and decision of the United States Supreme Court under that statute. The first suit was a limitation of action proceeding filed in federal court by the owner of a vessel. Subsequently, the injured seaman filed a direct action in state court against the insurers of the owner and the vessel. The state court suit was stayed during pendency of the federal court action under the authority of Maryland Cas Co. v. Cushing, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806 (1954), which held that to allow a direct action during the pendency of a limitation action would thwart the objectives of the federal statute. No conflict with a federal statute is involved in the instant case. It should be noted that the opinion in Reid incorrectly referred to the Maryland Casualty Company case as involving a stay of proceedings in a state court suit whereas the case actually involved a stay of one of two suits pending in the same federal district court. The only issue actually presented in the Reid case was whether the state court proceeding should be dismissed or merely stayed under the Supreme Court decision dealing with a particular statute.
If the district court’s order to stay proceedings in this case is to be sustained it seems to me that it must be done on some authority other than Article 532, such as general principles of comity or inherent power of the court to regulate its docket. If an exercise of the principles of comity is called for in this situation, then it seems to me that it should be exercised by the federal court in relation to the progress of the action pending there.
I find no authority in Louisiana jurisprudence for staying state court proceedings in an in personam action, where another suit is pending in federal court, as a matter of comity or power or otherwise, particularly where the federal court action was not commenced first. The majority opinion states that it is based on comity, not power, but cites Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), in which the Supreme Court viewed “the problem as one of power, and of power only, . . . ”. Landis involved multiple suits pending in various federal district courts concerning the Public Utility Holding Company Act of 1935. The Supreme Court stayed proceedings in one of the district courts pending a decision of the principal issue at the trial court, level in another district court, under compelling and unusual circumstances involving, “cases of extraordinary public moment”, “great issues . . . great in their complexity, great in their significance”, and of “far-reaching importance.” The instant case can hardly be compared to Lan-dis in terms of an appropriate exercise of the inherent power of the court to control the disposition of cases on its docket.
To stay the state court suit until final conclusion of the federal court action, necessarily involving a substantial period of time, amounts to an abdication of the state courts’ judicatory power and a denial of access to the courts of this state.
I respectfully dissent.